## COMMISSIONER OF HUMAN RESOURCES *v.*
## HENRY BRIDGEFORTH

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 235351
NEW HAVEN

Memorandum filed February 11, 1992

*George S. Szydlowski,* assistant attorney general, and *Richard Blumenthal,* attorney general, for the plaintiff.

*Abrams & Nugent,* for the defendant.

BURNS, J. The defendant brings this appeal from the magistrate's decision of April 3, 1991, finding an arrearage in support payments and ordering payment of current support as well as the arrearage. Appellate proceedings such as these are governed by General Statutes § 46b-231.

On February 23, 1990, the state commissioner of human resources brought suit against the defendant, Henry Bridgeforth, to establish paternity of a child, Sonia Yrayta, born December 17, 1983. On April 3, 1991, the defendant admitted paternity of Yrayta before the court. The defendant has been incarcerated at the state correctional institute in Somers since 1986. After argument and evidence, the family court magistrate found an arrearage of child support in the amount of $43 per week for 210 weeks, totaling $9030. The magistrate ordered the defendant to pay $45 per week

current support and $5 per week on the arrearage. The orders were based on evidence of income from the respondent's employment prior to his incarceration. The child support guidelines issued pursuant to Public Acts 1989, No. 89-203, establish a level of child support based on the actual income of the payor or payee. Provision is made for deviation from the guidelines "where such income is reduced due to voluntary unemployment or underemployment without good cause." Final Report of the Commission for Child Support Guidelines 1991, § (c) (7), p. 6. The defendant has appealed the magistrate's decision.

The court held a hearing on June 20, 1991, at which the court found the defendant to be aggrieved. The parties further stipulated that the defendant, at the time of his incarceration, had no assets other than his wages, which provided him with disposable income of $180. It was further stipulated that the defendant was incarcerated for a criminal conviction unrelated to support.

The issue before the court is whether the order of the magistrate, finding that the guidelines were rebutted by a finding of ability to pay as based upon the defendant's income prior to incarceration, is correct as a matter of law. See Child Support Guidelines, effective March 1, 1991, § (a) (3) (B), p. 8.

As previously noted, the guidelines provide for deviation when the actual income is reduced due to voluntary unemployment or underemployment without good cause.

In support of its claim, the state cites *Collier* v. *Jennings*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 601172 (December 30, 1987) (*Lifshitz, F.S.M.*), a case from the family support magistrate division, in which the defendant requested a modification of the arrearage due based upon his ina-

bility to make payments while incarcerated for a conviction unrelated to support. His request was denied because of the prohibition against retroactive modification of arrearages. *Collier* observes that there is no reported case in Connecticut as to whether support orders should be abated during incarceration unrelated to support.

State courts have differed as to whether an existing support order should be modified as a result of incarceration unrelated to support. It must be conceded that the compensation to the defendant is below the amount calculated under the guidelines.

Several courts have adopted the theory that any individual who engages in criminal or otherwise irresponsible behavior does so at his peril, and cannot be heard to claim that his reduction in means was not his own fault. *Ohler* v. *Ohler,* 220 Neb. 272, 275, 369 N.W.2d 615 (1985); *Noddin* v. *Noddin,* 123 N.H. 73, 76, 455 A.2d 1051 (1983); *Koch* v. *Williams,* 456 N.W.2d 299, 301–302 (N.D. 1990); *Parker* v. *Parker,* 152 Wis. 2d 1, 5, 447 N.W.2d 64 (1989). Accordingly, modification of support was denied.

Other courts have approved a modification while the defendant is incarcerated. In *Matter of Marriage of Edmonds,* 53 Or. App. 539, 542, 633 P.2d 4 (1981), the court notes: "[w]here a noncustodial parent is imprisoned for a crime other than nonsupport . . . we believe that the better rule should be that the parent is not liable for such payments while incarcerated unless it is affirmatively shown that he or she has income or assets to make such payments." This view is followed in *Clemans* v. *Collins,* 679 P.2d 1041, 1041–42 (Alaska 1984), and *Pierce* v. *Pierce,* 162 Mich. App. 367, 370–71, 412 N.W.2d 291 (1987) (citing dissent of chief justice in *Ohler* v. *Ohler,* supra).

All of the foregoing cases involved modifications of orders in existence at the time of incarceration. *Foster* v. *Foster,* 99 App. Div. 2d 284, 471 N.Y.S.2d 867 (1984), was concerned with divorce proceedings at which time the defendant was earning $6.50 per hour. Between the date of the hearing and the issuance of the decree and support order, the defendant was incarcerated. The decree ordered support of $200 per week. The defendant moved to modify, so as to suspend payments until his release. The appellate division reversed, noting agreement with the Oregon court of appeals; id., 869; and suspended payments from the date of incarceration to the date of his release, noting that the support obligation may be resolved retroactively, since the violation was not wilful. *Kolkmeyer* v. *Kolkmeyer,* 18 Conn. App. 336, 342, 558 A.2d 253 (1989).

*Foster* v. *Foster,* supra, appears to be the only reported case where a support order was entered after incarceration. The court agrees with *Foster* and its reliance on the holding in *Matter of Marriage of Edmonds,* supra.

The decision of the magistrate is modified to the extent that any obligation for support or for arrearage is suspended nunc pro tunc from the date of incarceration to the date of the defendant's release, and the matter is remanded to the magistrate to recalculate any arrearage due prior to the date of incarceration.