[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO APPEAL ORDERS OF THEFAMILY SUPPORT MAGISTRATE
This memorandum of decision addresses the defendant's May 9, 1996 petition to appeal from multiple rulings made by the family support magistrate (H. Lifschutz, FSM) on April 25, 1996. The defendant appeals the magistrate's retroactive modification of child support, the award of attorney fees and the denial of his motion to expunge the established arrearage. Finding jurisdiction over the matter, the court grants the defendant's petition to, appeal, and considers the merits of the appeal as presented through the statement of issues set forth in the Defendant's Appeal from Magistrate Court and Appendix submitted under date of September 10, 1996.
The court finds all issues in favor of the plaintiff, and affirms the rulings of the family support magistrate. CT Page 3050
It is useful to view the defendant's petition and appeal in the context of the complex procedural history presented by this litigation.[1] On April 25, 1996, the magistrate granted the plaintiff mother's motion for modification of child support dated May 19, 1995. Through that ruling, the defendant's current support obligation was increased from $58.00 per week to $90.89 per week. On that date, the magistrate found a child support arrearage of $5253, ordered arrearage payments to be increased from $10.00 per week to $18.11 per week, and applied these orders effective retroactively to May 19, 1995, the date the motion for modification was served upon the defendant. The magistrate further ordered the arrearage payment to be increased to $45.45 per week effective September 9, 1996, when the child at issue would reach majority, and current support obligations would cease. Also on that date, the magistrate granted the plaintiff's December 18, 1995 motion for counsel fees and ordered the Defendant to pay $300 as such. The Family Support Magistrate denied the defendant's November 13, 1995 motion to expunge arrearage and motion for attorney fees.
On May 9, 1996, the defendant filed his timely appeal from the above decisions.[2] On that date, the defendant also submitted a motion to present additional evidence, and to add this evidence to the record.[3] On June 4, 1996, the defendant filed a motion for articulation of the magistrate's April 25, 1996 decision relative to the following specific issues: the retroactive payment of modified child support payments and the order of attorney's fees to be paid by the defendant to plaintiff's counsel. On August 15, 1996, the magistrate issued an articulation of the April 25, 1996 decision. Pending resolution of the appeal, on August 20, 1996, the plaintiff filed a motion for contempt for the defendant's failure to pay $300 in attorney fees as had been ordered on April 25, 1996. On September 6, 1996, the defendant filed an objection to this motion for contempt, and requested a stay of fee payments during the appeal process. On September 10, 1996, a hearing was held at the Superior Court to address the plaintiff's motion for contempt and the defendant's May 9, 1996 motion to present additional evidence. The defendant was not present at that hearing, although his counsel appeared on his behalf.[4] The court found that the defense had no evidence or witnesses to present in opposition to the contempt motion. The court determined that it was unable to adjudicate the contempt issue in the absence of the defendant, continued the case for hearing at the afternoon calendar session, and awarded the CT Page 3051 plaintiff $300 in additional attorney's fees, separate and distinct from the magistrate's -April 25, 1996 order of attorney fees. Upon appearing that afternoon, the defendant prevailed upon the court, for the first time, for an another continuance due to his illness. The matter was marked over for two weeks.
On September 13, 1996, the plaintiff filed an additional motion for contempt, along with a motion requesting extension of support beyond the eighteenth birthday of the child. On September 24, 1996, the defendant responded by denying any failure to pay child support and requesting attorney's fees. On September 25, 1996, a second hearing was held and the court heard argument regarding the plaintiff's May 9, 1996 motion to present additional evidence. The court deferred ruling on the issue. The court continued argument regarding the plaintiff's motions for contempt and extension of child support. On November 4, 1996, a third hearing was held, during which the court affirmed its denial of the defendant's motion to present additional evidence. In response to the plaintiff's motion to postpone the argument and decision on the motion for post majority child support pending determination of the superior court's jurisdiction over the defendant's appeal from the magistrate's April 25, 1996 rulings. The court again deferred presentation of evidence on legal and factual questions related to extension of child support, until the issue of jurisdiction was resolved.
 I.
The court commences its consideration of this case with attention to the issue of whether the superior court has jurisdiction to evaluate the merits of the defendant's May 9, 1996 appeal. Initially, the court must determine whether or not the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken. "The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court. . . . Where there is no final judgment, we cannot reach the merits of the appeal." (Internal and external citations omitted.) Ackerson v. Bridgeport,36 Conn. App. 158, 159 (1994). See also White v. White, 42 Conn. App. 747,749 (1996). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. CT Page 3052
Conn. Gen. Stat. § 46-231 (n)(1) provides that "a person aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal . . . ." The two-part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision. Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980,990 (1995). "Moreover, with respect to the second part, the person need only establish a possibility, rather than a probability or certainty, of such injury." Id. (Internal citation omitted).
This court finds that since the magistrate's decision has the effect of increasing the defendant's child support obligation and requiring the defendant to pay attorney fees, the defendant is "aggrieved" by the decision. See O'Neill v. Novak, 1993 WL 343749 (Conn.Super. Sept. 7, 1993) (holding that plaintiff was "aggrieved" within the meaning of 46b-231 (n)(1) by a magistrate's decision to reduce the child support payments she received); Antunes v. Antunes, 1992 WL 79733 (Conn.Super. April 13, 1992) (holding that the defendant was "aggrieved" by magistrate's decision regarding the amount of weekly payments she received toward reducing the arrearage); Commissioner of HumanResources v. Bridgeforth, 42 Conn. Sup. 126 (1992) (finding that the defendant was "aggrieved" by magistrate's decision finding an arrearage in support payments and ordering payment of current support as well as the arrearage).
Having satisfied the statutory definition of "aggrievement" and alleged the statutory basis of appeal pursuant to §46b-231 (n)(1), this court finds it has subject matter jurisdiction to hear the defendant's appeal.
 II.
Conn. Gen. Stat. § 46b-231 (n)(7) provides that the superior court may affirm the decision of a family support magistrate, remand it for further proceedings, or reverse or remand or modify the decision. The superior court may reverse or modify the decision if "substantial rights of the defendant have been prejudiced because the decision of the family support magistrate is: (A) in violation of constitutional or statutory CT Page 3053 provisions; (B) in excess of the statutory authority of the family support magistrate; (C)made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary and capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
The defendant raises three claims on appeal. He first asserts that the magistrate erred in ruling that it had no jurisdiction to hear a motion to expunge an arrearage. The defendant argues that a "legitimate misunderstanding as to the terms or conditions of a support order" could, and in this case, does constitute "an excuse for nonpayment" entitling the magistrate to expunge any accrued arrearage. (Defendant's Appeal from Magistrate Court, p. 15) Appropriately, the magistrate held that the issue of the defendant's reasonable understanding was not relevant to the issue of the accumulation of an arrearage, without foreclosing the application of this circumstance to the formulation of remedial orders. This court finds that the magistrate effectively considered the defendant's application for recission of any finding of arrearage, and that the magistrate's order appropriately denied the defendant's motion to expunge the arrearage that was assessed.
The record reflects that the defendant attempted to persuade the magistrate that his obligation to pay child support had been suspended. He claimed this change in status was due to the plaintiff's notification to the support enforcement division that she no longer wanted assistance in collecting child support for the child. The record reflects that the defendant's wage withholding had ceased as of November 1993, although it fails to reveal any order from the court or the magistrate which could have served as the basis for this change.[5] In refusing to grant the defendant's request to erase the accrued arrearage, the magistrate specifically noted the child support order that had been entered on September 2, 1992 for $58.00 per week, with an accompanying order for payment of $10 per week toward arrearage; the magistrate further found that no court had modified those orders in the interim. The magistrate's comments clearly indicate that he related the issue of "jurisdiction" over the defendant's request for elimination of the arrearage to the limitations on modification of support orders permitted by § 46b-86 (a). The transcript reflects the following remarks: "THE COURT: . . . . As far as the motion to expunge is concerned, I think I've stated CT Page 3054 clearly on the objections what the Court's position is. I will rule that this court; A) does not have subject matter jurisdiction to grant this motion because of statutory, as well as case law that indicates that you cannot retroactively modify support." Tr. of 4/25/96 at 79-80.[6] The magistrate correctly opined that a support order continues until it is changed by judicial authority, and that the defendant was responsible for paying child support according to the existing payment schedule, notwithstanding the plaintiff's notification to the support enforcement division. Bunche v. Bunche, 36 Conn. App. 322, 325
(1994).
The defendant's second claim asserts that the magistrate's order of counsel fees denied him due process and violated §§46b-231(n)(7)(A), (B), (C), and (F). The plaintiff's December 18, 1995 motion for counsel fees alleged that the defendant made the plaintiff and her attorney "unnecessarily come to court on several occasions as well as has not shown up on two occasions." The plaintiff provided the magistrate with testimony regarding the, missed and late appearances by the defendant in court. (Tr. of 4/25/96 at 15-17.) The plaintiff requested $750 in attorney fees. The record reflects no basis for concluding that the defendant had not received timely and adequate notice of scheduled hearings, or that he was denied the opportunity to challenge the plaintiff's testimony as to his interference with the progress of the trial. The magistrate's conclusion that the defendant should pay $300 as counsel fees to the plaintiff is reasonably related to the facts as set forth in the record. See § 45b-62. The magistrate's decision to award attorney fees is affirmed.
The defendant's third and final argument is that the magistrate's retroactive child support modification violates § 46b-231(n)(7)(F), in that it was capricious and characterized by an abuse of discretion. The defendant argues that the increase in current child support was not warranted because a substantial change in circumstances was not demonstrated to the magistrate. Notwithstanding the defendant's argument, the record of the hearing on April 25, 1996 reveals that the magistrate considered the circumstances surrounding the issuance of the underlying 1992 child support order, and that he reasonably understood those orders to have been based upon the need for supporting more than one minor child.[7] As of April 25, 1996, however, Marie Stavis was the only minor child the defendant was obliged to support. This change clearly affects the CT Page 3055 defendant's ability to utilize his financial resources for purposes of providing current support for the sole remaining minor child, pursuant to § 46b-56 and § 46b-84 and §46b-86 (a), and for addressing any outstanding support arrearage. Appropriately, the record also the record reflects that the magistrate based his order on the financial affidavits provided by the parties, the applicable statutory references, and the child support guidelines promulgated pursuant to § 46b-215a.
Regarding the retroactive application of the modification order, the magistrate in his articulation noted that the plaintiff's motion to modify support was dated May 15, 1995 and served on the defendant the same day, although the hearing to resolve the issues raised by this motion was not held until almost a year later. As noted above, the magistrate has discretion under Conn. Gen. Stat. § 46b-86 (a) to modify support retroactive to the date a motion seeking modification was served on the opposing party. In his articulation of the April 25, 1996 ruling, the magistrate explained that he had increased the defendant's current support obligation, and modified the arrearage payment schedule "because the defendant, enjoyed income at a level sufficient to sustain the higher order for all or most of the period of time during which the motion was pending . . . and because the court finds that the child should not be penalized by the inordinate delays in bringing the motion to final determination." This court finds that the magistrate did not abuse his discretion in modifying the level of support and in ordering the payments retroactive to the date of service upon the defendant. Taken as a whole, the record, with the parties' financial affidavits and the articulation issued August 15, 1996, reflects a reasonable and lawful basis for the magistrate's decision, and demonstrates a fair and appropriate application of the principles of child support enunciated in § 46b-56, §46b-84 and § 46b-86 (a). Accordingly, this court finds that the magistrate's decision withstands judicial scrutiny as provided by the standard of review set forth in Conn. Gen. Stat. § 46b-231 (n)(7).
WHEREFORE, the defendant's Petition to Appeal, submitted under date of May 9, 1996, having been granted by the court, the defendant's Appeal from the rulings of the family support magistrate, entered April 25, 1996, is hereby DENIED, and the court AFFIRMS the rulings of the magistrate issued on that date.
BY THE COURT, CT Page 3056
N. Rubinow, J.