[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
With this case, this court again revisits the issue of child support obligations for a non-custodial parent incarcerated as the result of a conviction of a crime. The present defendant, who is presently incarcerated and claims he has no means to pay support, has moved for a downward modification. Based onCommissioner of Human Resources v. Bridgeforth, 42 Conn. Sup. 126,129, 604 A.2d 836 (1992), Gueits v. Correa, 8 S.M.D. 77 (1994) and Laubenheimer v. Laubenheimer, 10 S.M.D. 55 (1996), he seeks a reduction of the support order to zero for the duration of his incarceration.
From the file record and the testimony at the hearing, the court finds the following underlying facts: The plaintiff and the defendant intermarried on November 7, 1981 at Torrington. There is one child issue of the marriage, Amber Marie Scapin, born January 15, 1983. The judgment dissolving the marriage was entered on December 21, 1984 in this judicial district, Pickett,J. The defendant did not appear at the hearing. He was ordered to pay $65.00 per week for support of the child.
The defendant quickly became delinquent. Several contempt citations ensued in early 1985. In March of that year, the defendant appeared by counsel and filed a financial affidavit disclosing a weekly gross income of $295.00. By 1988 the matter had become a IV-D case and another series of contempt citations were filed in this division. In March, the court, Sullivan,CT Page 9531F.S.M., found an arrearage of $2,380.00 and ordered the defendant to pay $35.00 per week on the arrearage, making a total weekly order of $100.00. By the end of 1991, the arrearage had ballooned to $11,328.20. The defendant had missed several court dates and was apparently in and out of employment.
In September, 1992, the court, Ginsberg, F.S.M., modified the order to $52.00 per week for the child plus $35.00 per week on the arrearage. The defendant's motion indicates that he had by then been adjudicated to be the father of another child. This was the apparent grounds of the downward modification. His financial affidavit revealed employment at L + M Manufacturing in New Hartford, with a $300 weekly gross income. The 1992 order of Family Support Magistrate Ginsberg has not been further modified and remains the operative support order.
Yet another series of contempt hearings occurred in 1996 with the defendant eventually reestablishing compliance with the periodic orders. The present pending contempt citation first came before this court in January of this year. The court, Trombley,F.S.M., ordered the defendant to comply with the weekly order and pay a lump sum at the next court date. At the following date, the defendant was not in compliance and was warned that he would be incarcerated for contempt if he did not comply.
The defendant was then arrested for assault and violation of probation. He has been convicted of these charges and incarcerated. Upon this information, the court marked the on-going contempt citation off because of the absence of any immediate ability of the defendant to pay the orders. The defendant asserted essentially the same grounds to seek reduction of his support order.
The court finds that the defendant had stopped paying support prior to his arrest on criminal matters. Based on the defendant's testimony, the court finds that the defendant had voluntarily left his employment at L + M Manufacturing without good cause, and that he failed to prove that subsequently he engaged in diligent efforts to fulfill his established earning capacity.
Connecticut law is clear that a voluntary reduction in income combined with a failure by the obligor to utilize his earning capacity constitutes grounds to deny a motion to modify on either statutory grounds. Regulations of Connecticut State Agencies, § 46b-215a-3-(b)(1)(A); Johnson v. Johnson, 185 Conn. 573, CT Page 9532 576, 441 A.2d 578 (1981); Miller v. Miller, 181 Conn. 610,611-12, 436 A.2d 279 (1980); Siracusa v. Siracusa,30 Conn. App. 560, 566, 621 A.2d 309 (1993); Carey v. Carey,29 Conn. App. 436, 440, 615 A.2d 516 (1992); Richard v.Richard, 23 Conn. App. 58, 63, 579 A.2d 110 (1990);Hart v. Hart, 19 Conn. App. 91, 94, 561 A.2d 151
(1989); Hay v. Hay, 8 S.M.D. 51, 54 (1994); Campbell v. Scott, 7 S.M.D. 8, 12, 8 CSCR 507, 11 Conn.Fam.L.J. 71 (1993); Bardsleyv. Bardsley, 6 S.M.D. 112, 116 (1992); Ouellette v.Ouellette, 6 S.M.D. 83, 85 (1992). Additionally, the defendant has been in frequent contempt of the court order. Prior to his arrest on the criminal charges he was on the verge of being incarcerated by this court for non-payment of child support. But for the criminal conviction, there is ample cause to deny this motion to modify.
The issue of whether child support is abated during incarceration after a criminal conviction has evenly divided courts throughout the country. A discussion of such decisions may be found in F. Wozniak, Annot., "Loss of Income Due to Incarceration as Affecting Child Support Obligation" 27 A.L.R.5th 540-92 (1995). See also Charette v. Charette, Judicial District of Tolland at Rockville, doc. no. 56183 19 CONN. L. RPTR. 187 (Zarella, J.,) (April 30, 1997); Fleming v. Raiford,
10 S.M.D. 80 (1996); Laubenheimer v. Laubenheimer, 10 S.M.D. 55 (1996). A detailed analysis need not be repeated here. In summary, reported cases which appear to allow relief for incarcerated obligors include: Clemans v. Collins, 679 P.2d 1041
(Alaska 1984); Lewis v. Lewis, 637 A.2d 70
(D.C.Ct.App. 1994); Nab v. Nab, 114 Ida. 512, 757 P.2d 1231
(1988); People ex rel. Meyer v. Nein, 209 Ill. App.3d 1087, 154 Ill.Dec. 436, 568 N.E.2d 431 (1991); Wills v. Jones,104 Md. App. 539, 650 A.2d 736 (1994); Pierce v. Pierce, 162 Mich. App. 367,412 N.W.2d 291 (1987); Franzen v. Borders, 521 N.W.2d 626
(Minn.App. 1994); Kuronen v. Kuronen, 499 N.W.2d 51 (Minn.App. 1993); Johnson v. O'Neill, 461 N.W.2d 507 (Minn.App. 1990);Foster v. Foster, 99 App.Div.2d 284, 471 N.Y.S.2d 867 (1984);Peters v. Peters, 69 Ohio App.3d 275, 277, 590 N.E.2d 777
(1990); Matter of Marriage of Willis, 314 Or. 566, 840 P.2d 697
(1992); Matter of Marriage of Edmonds, 53 Or. App. 539,633 P.2d 4, 5 (1981); Leasure v. Leasure, 378 Pa. Super. 613, 549 A.2d 225
(1988); Matter of Marriage of Blickenstaff, 71 Wash. App. 489,859 P.2d 646 (1993).
Cases which generally deny relief to the incarcerated obligor or require some continued child support payments include: DouglasCT Page 9533v. Alaska Dept. of Revenue, 880 P.2d 113, 116 (Alaska 1994);Smith v. Alaska Dept. of Revenue, 790 P.2d 1352 (Alaska 1990); Inre Marriage of Hamilton, 857 P.2d 542 (Colo.App. 1993); Divisionof Child Support Enforcement v. Barrows, 570 A.2d 1180 (Del. 1990); Held v. Held, 617 So.2d 358 (Fla.App. 1993); Ross v. Ross,581 N.E.2d 982 (Ind.App. 1991); Davis v. Vance, 574 N.E.2d 330
(Ind.App. 1991); In re Vetternack, 334 N.W.2d 761 (Iowa 1983); Inre Phillips, 493 N.W.2d 872 (Iowa App. 1992); Redmon v. Redmon,823 S.W.2d 463 (Ky.App. 1992); State v. Nelson, 587 So.2d 176
(La.App. 1991); Alexander v. Alexander, 417 So.2d 92 (La.App. 1982); Oberg v. Oberg, 869 S.W.2d 235 (Mo.App.W.Dist. 1993);Mooney v. Brennan, 257 Mont. 197, 848 P.2d 1020, 1023 (1993);Ohler v. Ohler, 220 Neb. 272, 369 N.W.2d 615 (1985); Noddin v.Noddin, 123 N.H. 73, 455 A.2d 1051 (1983); Thomasson v. Johnson,102 N.M. 512, 903 P.2d 254 (1995); Knights v. Knights, 71 N.Y.2d 865,527 N.Y.S.2d 748, 522 N.E.2d 1045 (1988); Frasca v. Frasca,213 App.Div.2d 589, 624 N.Y.S.2d 259 (1995); Johnson v. Junjulas,215 App.Div.2d 559, 626 N.Y.S.2d 857 (1995); Romanous v. Romanous,181 App.Div.2d 872, 581 N.Y.S.2d 410 (1992); Koch v. Williams,456 N.W.2d 299 (N.D. 1990); Cole v. Cole, 70 Ohio App.3d 188,590 N.E.2d 862 (1990); Procter v. Procter,773 P.2d 1389 (Utah App. 1989); Parker v. Parker,152 Wis.2d 1, 447 N.W.2d 64 (1989); Glenn v.Glenn, 848 P.2d 819 (Wyo. 1993).
In Connecticut, there has been a similar split in authority on the issue. Several of our courts have held that where a non-custodial parent is imprisoned for a crime other than nonsupport "any obligation for support or for arrearage is suspended nunc pro tunc from the date of incarceration to the date of the respondent's release . . . ." Yrayta v. Bridgeforth,
sub nom. Commissioner of Human Resources v. Bridgeforth,42 Conn. Sup. 126, 129, 604 A.2d 836
6 CONN. L. RPTR. 17 (Burns, J.,) (Feb. 11, 1992);Parker v. Parker, Superior Court, Judicial District of New London at Norwich, doc. no. 70489 (Mihalakos, J.,) (Dec. 8, 1991);Laubenheimer v. Laubenheimer, 10 S.M.D. 55 (Lifshitz, F.S.M.,) (May 16, 1996); Gueits v. Correa, 8 S.M.D. 77 (1994). In other cases, our courts have refused to provide relief for the incarcerated obligor. Charette v. Charette, Judicial District of Tolland at Rockville, doc. no. 56183, 19 CONN. L. RPTR. 187 (Zarella, J.,) (April 30, 1997); Deal v. Deal, Superior Court, Judicial District of Middlesex at Middletown, doc. no. 73317 (Gordon, J.,) (Jan. 2, 1996); O'Connell v. O'Connell, Superior Court, Judicial District of New Haven at New Haven, doc. no. FA81-0192265 (Axelrod, J.,) (May 14, 1992); Moore v. Moore, 10 S.M.D. 197 (Trombley,F.S.M.,) (Oct. 3, 1996); Fleming v. Raiford, 10 S.M.D. 80 (Sullivan, F.S.M.,) (June 20, CT Page 9534 1996); Collier v. Jennings, 1 S.M.D. 92, 3 CSCR 204 (Lifshitz,F.S.M.,) (Dec. 30, 1987).
This court has previously followed Bridgeforth and Parker out of devotion to the principle of stare decisis. See Laubenheimerv. Laubenheimer, 10 S.M.D. 55, 61-63 (1996). However, unlike the Superior Court, appeals from the Family Support Magistrate Division do not go to one central, authoritative appellate authority. Rather, they are taken to the Superior Court, consisting of one hundred seventy-seven judges. General Statutes §§ 46b-231 (n)(6); 51-165 (a). The decisions of each Superior Court judge carries the same authority. Where there is a diversion of decisions by the judges, stare decisis is not instructive. While it remains true that "[u]nder the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction", State v. Satti, 38 Conn. Sup. 552, 560,454 A.2d 280 (App.Sess. 1982, Bieluch, J. dissenting), "inflexible adherence", Palmer's administrators against Mead, 7 Conn. 149,157 (1828), to a moving standard can prove quite as "pernicious" as the "ceaseless and interminable fluctuations" that stare decisis is intended to prevent.
Under these circumstances of equal but divided authority, and in the absence of an authoritative decision by the Appellate Court or the Supreme Court, this court finds it appropriate to follow its own analysis and conscience. In particular, the court finds the analysis of Judge Zarella in Charette v. Charette and Family Support Magistrate Sullivan in Fleming v. Raiford to be both the most recent and the most persuasive Connecticut Law on the issue.
In the present case, but for the incarceration issue, the court would conclude that the defendant's decrease in this financial ability to pay was self-imposed by his own acts and omissions. For the reasons stated, the court finds that conclusion reinforced by his subsequent commission of criminal acts. Therefore, the court finds that the defendant has failed to prove that the continued operation of the support order is inequitable or inappropriate, and further, any deviation of the existing order from the child support guidelines is also as a result of the defendant's own volitional acts.
Accordingly, the motion to modify is denied. CT Page 9535
LIFSHITZ, F.S.M.