IN RE the MARRIAGE OF: William S. TOZER, Petitioner-Respondent and Cross-Appellant,

v.

Catherine L. TOZER, Appellant and Cross-Respondent.

Court of Appeals

*No. 83–626. Submitted on briefs August 27, 1984.—Decided October 9, 1984.*
(Also reported in 358 N.W.2d 537.)

For the appellant and cross-respondent the cause was submitted on the briefs of *Mark H. Hoskins, Jr.*, and *Hoskins & Brown* of Lancaster.

For the respondent and cross-appellant there were briefs by *Thomas H. Geyer* and *Kopp, McKichan, Geyer, McKichan, Curry & Geyer* of Platteville, and *Rebecca A. Erhardt* and *Boardman, Suhr, Curry & Field* as co-counsel of Madison.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Catherine Tozer appeals an order refusing to grant relief from a divorce judgment. She contends that the property division should be reopened in order to award her a portion of William Tozer's military pension. The pension was excluded from the property division as then required by federal law. After the judgment was entered, however, the United States Congress changed the law to permit division of military pensions. Because the trial court awarded more property to Catherine to partially offset the excluded pension, and because the court found that William changed his position substantially in reliance on the judgment, we affirm the order refusing to grant relief from the judgment.

William cross-appeals that part of the order refusing to modify the level of child support and maintenance that he must pay. William argues that his ability to pay support is reduced because his income is less and because he has remarried. The trial court refused to modify the support award because William voluntarily reduced his ability to pay. We affirm the trial court's decision.

The trial court rationally exercised its discretion when it refused to grant relief from the judgment. Although the change in the law regarding military pensions may justify relief from the judgment pursuant to sec. 806.07, Stats., the trial court was not required to grant such relief. We will not reverse a trial court's refusal to grant relief from judgment unless the court abused its discretion or no reasonable basis exists for the court's decision. *Wisconsin Public Service Corp. v. Krist*, 104 Wis. 2d 381, 395, 311 N.W.2d 624, 631 (1981). In this case, the trial court made an unequal property division favorable to Catherine because William had substantial assets not subject to division. William also changed his position substantially in reliance on the divorce judgment when he terminated his military career and began receiving his pension. These facts provide a reasonable basis for the trial court's decision.

William argues on cross-appeal that the trial court erred by refusing to modify his support obligation. The trial court did find that a change of circumstances occurred after the divorce when William quit his military career and married a woman with two dependent children. Despite the change of circumstances, however, the trial court was not required to automatically modify the support award. *Kritzik v. Kritzik*, 21 Wis. 2d 442, 448, 124 N.W.2d 581, 585 (1963). The trial court still had discretion to refuse to modify the support award, and the court's decision must be affirmed unless the

court failed to rationally exercise its discretion. *Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 649, 289 N.W.2d 296, 300 (1980).

The trial court rationally exercised its discretion when it refused to modify the child support and maintenance award. In this case, William quit his job before he secured alternative employment. His remarriage is not entitled to much judicial consideration because he is not responsible for the support of his wife's children. *See Besaw v. Besaw,* 89 Wis. 2d 509, 519–20, 279 N.W.2d 192, 196 (1979). Finally, the $915 support obligation is not excessive even when compared to William's present disposable income of approximately $2,000 each month. Based on this record, we cannot conclude that the trial court failed to rationally exercise its discretion.

*By the Court.*—Order affirmed. No costs to either party.