Cindy PARKER, n/k/a Cindy Krueger, Petitioner-Respondent,

v.

Wayne R. PARKER, Appellant. †

Court of Appeals

*No. 88-2267. Submitted on briefs May 8, 1989.—Decided July 18, 1989.*

(Also reported in 447 N.W.2d 64.)

†Petition to review denied.

1

For appellant there was a brief by *Jack Longert* and *Paul LaZotte* and *Legal Assistance to Institutionalized Persons Program,* Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Wayne Parker appeals an order denying his request that his child support obligations be temporarily eliminated while he is imprisoned. The issue is whether the trial court abused its discretion by finding that Parker's incarceration for felony theft was not a

substantial change in circumstances warranting a modification of the child support order. We conclude that the trial court's refusal to modify the order was not an abuse of discretion and affirm.

Wayne and Cindy Parker were divorced in 1974. Cindy was awarded custody of the Parkers' two children, and Wayne was ordered to pay $40 per week for child support. Twelve years after the divorce, Wayne was convicted of theft and a five-year prison sentence was stayed. He was placed on probation for five years. During the probation period, Parker, while self-employed in the wholesale meat business, was found in contempt for his failure to pay child support. He had accumulated an arrearage of $22,018.64. Then, approximately a year after his conviction, Parker's probation was revoked and he was sent to prison. Parker is not employed while in prison because of an unavailability of positions and receives only a stipend of eight cents per hour for forty hours per week. Fifteen percent of this income must be placed in his release account, which now contains approximately $89 but is not available to him until he is released from prison. *See* Wis. Admin. Code sec. HSS 309.466(1) and (2) (1987). Parker has no other assets.

After serving approximately ten months of his prison sentence, Parker petitioned for suspension of his support obligation during the period of incarceration. After a hearing, the trial court denied the petition on grounds that Parker's voluntary and intentional acts caused his plight. Parker appeals the order denying relief.

A trial court's decision whether to modify a support order will be upheld if the court rationally exercised its discretion. *Tozer v. Tozer,* 121 Wis. 2d 187, 189, 358 N.W.2d 537, 539 (Ct. App. 1984). Child support orders

may be modified only "where there has been a substantial or material change in the circumstances of the parties or children." *Anderson v. Anderson,* 72 Wis. 2d 631, 649, 242 N.W.2d 165, 174 (1976). The burden of demonstrating such a change in circumstances to justify a modification is on the party seeking the modification. *See Roellig v. Roellig,* 146 Wis. 2d 652, 659, 431 N.W.2d 759, 762 (Ct. App. 1988).

The failure of the current child support payment system is well documented.[1] Census data from 1986 indicates that in Wisconsin only 65% of single custodial parents even had a child support award.[2] Of those, slightly more than one-half actually received the full amount ordered.[3] Given this lax enforcement of existing child support awards, the legislature has established a stringent standard for modification.

Whether incarceration is a "change in circumstances" warranting modification of a child support obligation has not been addressed by a Wisconsin court. Other state courts are divided over whether imprisonment should result in a reduction in the noncustodial parent's child support obligation. *See Clemans v. Collins,* 679 P.2d 1041 (Alaska 1984); *Pierce v. Pierce,* 412 N.W.2d 291 (Mich. App. 1987); *Foster v. Foster,* 99 A.D. 284, 471 N.Y.S.2d 867 (N.Y. 1984); *Edmonds v. Edmonds,* 633 P.2d 4 (Ore. App. 1981); *Leasure v. Leasure,* 549 A.2d 225 (Pa. Super. Ct. 1988) (granting modification). *But, c.f., Noddin v. Noddin,* 455 A.2d

---

[1] *See, e.g.,* General Accounting Office, Child Support: Need to Improve Efforts to Identify Fathers and Obtain Support Orders 23 (1987); Bergman, *Fresh Start on Welfare Reform,* Challenge 44 (Nov.-Dec. 1987).

[2] U.S. Bureau of the Census, Child Support & Alimony: 1985, Current Population Reports (Aug. 1987) (Series P-23, No. 152).

[3] *Id.*

1051 (N.H. 1983); *Vetternack v. Vetternack,* 334 N.W.2d 761 (Iowa 1983); *Ohler v. Ohler,* 369 N.W.2d 615 (Neb. 1985) (denying modification).

We have considered whether child support should be reduced because the noncustodial parent's earning capacity has diminished for reasons other than incarceration. *See, e.g., Tozer,* 121 Wis. 2d at 189, 358 N.W.2d at 539 (father failed to prove change in circumstances warranting reduction in child support where he quit his job before securing future employment); *Erath v. Erath,* 141 Wis. 2d 948, 417 N.W.2d 407 (Ct. App. 1987) (father's inability to obtain loan to pay maintenance as anticipated at trial was not a substantial change in circumstances mandating child support modification); *Abel v. Johnson,* 135 Wis. 2d 219, 233-34, 400 N.W.2d 22, 28 (Ct. App. 1986) (change in physical custody of child was obvious change in circumstances warranting modification of child support order).

We emphasize that the issue is not whether Parker can be punished for failing to pay support. The issue is whether he is entitled to eliminate the accumulation of support obligation while he is incarcerated.

We agree with the trial court that Parker need not be excused of his child support obligation because of a willful act that resulted in his imprisonment. "Although unemployment or diminution of earnings is a common ground for modification, a petition for modification will be denied if the change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets." *Noddin,* 455 A.2d at 1053.

Parker certainly could have anticipated that his unlawful activity and subsequent probation violation might result in imprisonment. Unlike the requirement

5

for imposition of contempt proceedings, Parker need not have acted willfully to avoid his child support duty.

We do not agree that this decision imposes an additional penalty on Parker for his criminal conviction. Rather, we hold that child support need not automatically terminate during incarceration. Whether to terminate a support order calls for the exercise of discretion. The court may consider the intentional nature of the crime involved, the likelihood of future income, and other relevant evidence. Parker's children's needs do not diminish upon his entry into prison. We recognize that as long as Parker does not obtain a compensable work position in prison, his child support arrearages will accrue. However, upon release from prison, and after becoming gainfully employed, Parker may fairly be required to pay arrears within the boundaries of his available income and assets at that time.

*By the Court.*—Order affirmed.