STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert W. STUTESMAN, Defendant-Appellant.

Court of Appeals

*No. 97–2991–CR. Submitted on briefs July 2, 1998.—Decided July 30, 1998.*

(Also reported in 585 N.W.2d 181.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Susan M. Crawford*, assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

VERGERONT, J. Robert Stutesman appeals a judgment of conviction on fifteen counts of failure to pay child support contrary to § 948.22(2), STATS. (felony), eight as a repeater, and one count of failure to pay child support contrary to § 948.22(3) (misdemeanor), as a repeater. He also appeals the order denying his postconviction motion for a new trial. The sole issue raised on appeal is whether the trial court erred in excluding evidence that Stutesman was incarcerated during the time period relevant to the charges. We conclude that the trial court violated Stutesman's Sixth Amendment right to present a defense by excluding that evidence, and we therefore reverse and remand for a new trial.

## BACKGROUND

Stutesman had three children during his marriage to Terry Ann Schultz. Stutesman and Schultz were divorced in December 1990, and, pursuant to various court orders, Stutesman was directed to pay child support. The time periods alleged in the information for the sixteen counts of failure to pay child support were from November 1, 1990 to June 30, 1994, and from September 1, 1994 to July 25, 1996.

Before trial, the State filed a motion in limine to prohibit the defendant from introducing testimony or other evidence that he was unable to pay child support because he was incarcerated. The State argued that it was within the control of the defendant whether to

commit a crime, and the defense of inability to pay contemplated circumstances beyond the defendant's control. Defense counsel argued that it was the State's burden to prove that Stutesman intentionally engaged in criminal conduct in order to avoid paying child support, and whether that was his intent was a question for the jury. The court granted the State's motion, concluding that evidence of Stutesman's incarceration was irrelevant. The court stated that the responsibility to pay child support did not terminate just because a person commits a crime and is incarcerated. The court observed that, although incarceration might be grounds for a trial court within the exercise of its discretion to reduce child support upon a motion, it was the obligation of the obligator to bring such a motion, and Stutesman had not done so.

After the jury returned a guilty verdict on the sixteen counts, Stutesman moved for a new trial on the ground that he had been denied the right to present the defense that he was unable to pay support because he was incarcerated. The trial court denied the motion for much the same reasons it granted the State's motion in limine. The court concluded that whether a defendant could present an affirmative defense was a question of law for the court, not a question of fact, and because Stutesman was in jail for crimes he committed, he did not have an affirmative defense based on inability to pay.

On appeal, Stutesman repeats his assertion that the trial court's ruling excluding evidence of incarceration violated his constitutional right to present a defense. The State responds that Stutesman's constitutional right to present a defense was not violated because he did not make a sufficient offer of proof to the trial court and he did not establish that the evidence he

sought to admit was relevant. We agree with Stutesman that the trial court's exclusion of all evidence of his incarceration deprived him of the constitutional right to present a defense. We conclude that he did not waive the assertion of this right by making an insufficient offer of proof and that the evidence he sought to admit was relevant.

The constitutional right to present evidence is grounded in the confrontation and compulsory process clauses of Article I, Section 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution. *State v. Dodson*, 219 Wis. 2d 65, 72, 580 N.W.2d 181, 186 (1998). The latter clause grants the defendant the right to admit favorable testimony. *Id.* The right to present evidence is not absolute, however, because a defendant has the constitutional right to present only relevant evidence that is not substantially outweighed by its prejudicial effects. *Id.* Whether a trial court's ruling excluding evidence deprived a defendant of the constitutional right to present evidence is a question of "constitutional fact," which we review de novo. *Id.* at 69–70, 580 N.W.2d at 185. Because the State does not argue that Stutesman's evidence of incarceration is prejudicial, our inquiry is limited to whether it is relevant to a defense to the charges against him.

Section 948.22(2), STATS., the felony statute under which Stutesman was charged, provides:

> (2) Any person who intentionally fails for 120 or more consecutive days to provide spousal, grandchild or child support which the person knows or reasonably should know the person is legally . obligated to provide is guilty of a Class E felony. A prosecutor may charge a person with multiple

counts for a violation under this subsection if each count covers a period of at least 120 consecutive days and there is no overlap between periods.

The misdemeanor statute under which he was charged covers intentionally failing to pay child support for a period of less than 120 consecutive days. *See* § 948.22(3), STATS. Under § 948.22(4)(a) evidence that a person subject to a court order knew or reasonably should have known that he or she was required to pay child support under the order and failed to do so constitutes prima facie evidence of intentional failure to pay child support.

Affirmatives defenses are addressed in § 948.22(6), STATS., which provides:

> (6) Under this section, affirmative defenses include but are not limited to inability to provide child, grandchild or spousal support. A person may not demonstrate inability to provide child, grandchild or spousal support if the person is employable but, without reasonable excuse, either fails to diligently seek employment, terminates employment or reduces his or her earnings or assets. A person who raises an affirmative defense has the burden of proving the defense by a preponderance of the evidence.

According to the statute, inability to pay child support is an affirmative defense. Evidence of Stutesman's incarceration is therefore relevant to a defense if it has any tendency to make Stutesman's inability to pay child support during the relevant time period "more probable or less probable than it would be without the evidence." *See* § 904.01, STATS. (defining relevance). We understand that the trial court decided that incarceration was irrelevant to a defense under the statute because the statute excludes from the definition of

"inability to provide . . . child support" situations where the "the person is employable but, without reasonable excuse, either fails to diligently seek employment, terminates employment or reduces his or her earnings or assets." Section 948.22(6), STATS. The court apparently accepted the State's argument that because Stutesman's incarceration was the result of offenses that he committed, he voluntarily put himself in a position where he could not pay child support, similar to the situations described in the statute. In essence, the court ruled that, as a matter of law, evidence of incarceration is never relevant to show inability to pay. This ruling is based on an erroneous construction of the statute.

The construction of a statute is a question of law, which we review de novo. *State v. Sample*, 215 Wis. 2d 486, 494, 573 N.W.2d 187, 190 (1998). We start with the language of the statute itself. *Id.* Section 948.22(6), STATS., does not, by its plain terms, exclude evidence of incarceration to show inability to pay. It does not define commission of a crime resulting in incarceration as a circumstance that, in itself, precludes the affirmative defense of inability to pay. The trial court therefore had no statutory basis for concluding that, as a matter of law, incarceration is irrelevant to a defense of inability to pay. We conclude that incarceration is relevant to a defense of inability to pay because, depending on the circumstances of incarceration, incarceration may prevent a person from being employed, and therefore may prevent a person from having earnings with which to pay child support. Whether a person commits a crime in order to avoid paying child support is a question of fact for the jury. *See State v. Schleusner*, 154 Wis. 2d 821, 829, 454 N.W.2d 51, 55 (Ct. App. 1990) (whether

someone intentionally fails to pay child support is an issue for the jury). The trial court decided the question of intent adversely to Stutesman, without submitting it to the jury.

 The trial court's reasoning that Stutesman could not present evidence of incarceration because he had not moved to modify his obligation also rests on legal error. It is true we have held that incarceration, even though resulting from intentional criminal conduct, is a change in circumstance giving a court competence to review a child support order, *Voecks v. Voecks*, 171 Wis. 2d 184, 188, 491 N.W.2d 107, 109 (Ct. App. 1992), and that incarceration is a factor a court may consider when determining whether it should exercise its discretion to modify child support. *Id.* Perhaps if Stutesman had brought such a motion here, his obligation might have been reduced, although we cannot assume that would be the case, since, depending on the circumstances, a trial court may properly exercise its discretion and deny a reduction in child support because of incarceration. *See Parker v. Parker*, 152 Wis. 2d 1, 5, 447 N.W.2d 64, 65 (Ct. App. 1989). However, whether Stutesman did or did not bring a motion to reduce his child support payment because of incarceration does not preclude him as a matter of law from presenting evidence in this criminal proceeding that he was unable to pay child support because of incarceration. This proceeding is not concerned with reducing Stutesman's court-ordered obligation during the periods of past incarceration, but with whether Stutesman intentionally failed to meet those court-ordered obligations.

On appeal, the State does not argue that evidence of incarceration is never relevant to the defense of

inability to pay, but instead contends that the trial court's ruling was correct in this case because Stutesman did not make a sufficient offer of proof of the dates of incarceration. The State contends that, when the State brought its motion in limine, Stutesman failed to have the hand-marked calendars defense counsel gave the prosecutor marked as exhibits or submitted to the trial court in an offer of proof. Further, the State argues, although defense counsel did have these calendars marked as exhibits and submitted into evidence at the postconviction hearing, the calendars did not constitute admissible testimony of the dates of incarceration.

There is no merit to this argument. The State argued in support of its motion in limine[1] that evidence of incarceration was irrelevant because the commission of a crime was within a defendant's control and the law should not permit someone to commit a crime in order to avoid paying child support. The exact dates of Stutesman's incarceration and the method of proof of those dates at trial were not challenged by the State's motion in limine, were not raised during argument, were not addressed by the court's ruling and are unnecessary to our review. There is no similarity between these circumstances and those in the cases the State cites in support of this argument. *See, e.g., State v. Williams*, 198 Wis. 2d 516, 538, 544 N.W.2d 406, 415 (1996) (appellate court does not consider claim of error on evidentiary ruling when appellant does not make the necessary record before trial court).

---

[1] This motion was apparently made orally, at a hearing on another written motion in limine, after defense counsel provided the prosecutor with calendar pages showing the dates of incarceration.

The State also contends that Stutesman did not establish that evidence of incarceration was relevant to his ability to pay because he did not show, for example, that he did not have *Huber* privileges, or that he did not have assets from which he could have paid child support while incarcerated. Again, there is no merit to this argument. The State did not object to admission of evidence of incarceration on these or other similar grounds, and the court did not rest its ruling on such considerations. Rather, as we have already stated, the State's position before the trial court was that evidence of incarceration was inadmissible because commission of a crime was voluntary, and that is the proposition defense counsel argued against and the one the court decided. The State may not on appeal raise new objections to the evidence of incarceration, which the defense did not have the opportunity to respond to through an offer of proof before the trial court.[2]

In summary, we conclude that the trial court erred in ruling that evidence of Stutesman's incarceration is irrelevant to the affirmative defense of inability to pay. Because it is relevant evidence and because there is no countervailing prejudice, the trial court's ruling violated Stutesman's constitutional right to present evidence. We do not apply the harmless error rule but instead remand for a new trial because the exclusion of the evidence of Stutesman's incarceration deprived him of the ability to present his defense of inability to

---

[2] We agree with the State's point that evidence of incarceration does not, in itself, automatically establish a defense of inability to pay. However, that is not Stutesman's position. Stutesman's position is that he should be permitted to present evidence of incarceration to the jury and let the jury decide whether he was unable to pay child support.

pay.[3] *See State v. Pullizzano,* 155 Wis. 2d 633, 655–56, 456 N.W.2d 325, 335 (1990) (harmless error rule inapplicable where exclusion of evidence deprived defendant of necessary element of defense).

*By the Court.*—Judgment reversed and cause remanded.

---

[3] After the court granted the State's motion, defense counsel stated:

> Well—. So what the court is ruling is that his entire affirmative defense that he was unable to pay because he was incarcerated during large periods of this time, is precluded.

The court answered: "Absolutely. . . ."