STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher M. CLUTTER, Defendant-Appellant.†

Court of Appeals

*No. 99–0705–CR. Submitted on briefs September 1, 1999.—Decided September 14, 1999.*

(Also reported in 602 N.W.2d 324.)

†Petition to review denied.

472

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martha K. Askins*, assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Gordon Myse, Reserve Judge.

MYSE, R.J.   Christopher M. Clutter appeals a judgment of conviction of thirty-six counts of failure to pay child support and an order denying postconviction relief. He asks this court to exercise its discretionary power to order a new trial in the interests of justice because Clutter, who appeared pro se at trial, failed to present the affirmative defense of inability to pay dur-

ing his trial. Because Clutter knowingly, intelligently and voluntarily waived his right to counsel and he was competent to proceed pro se, we conclude that Clutter assumed the responsibility for presenting this defense when he undertook his own representation. In addition, he has not offered sufficient evidence to persuade this court that he has a valid defense. Therefore, we decline the invitation to exercise our discretion to order a new trial; the judgment of conviction and order denying postconviction relief are affirmed.

Clutter was divorced in 1983 and ordered to pay child support for his two minor children. He failed, however, to make any such payments. Following his arrest on felony nonsupport charges, Clutter was returned to Wisconsin where a public defender was appointed to represent him. Almost immediately, counsel moved to withdraw based upon Clutter's failure to cooperate with him. A second attorney was appointed, but once again counsel moved to withdraw based upon Clutter's announced decision to proceed pro se. After the appropriate colloquy between the court and Clutter, *see State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716, 721 (1997), the court determined that Clutter voluntarily waived his right to counsel and that he was competent to undertake self-representation.

Although Clutter made an opening statement at which he indicated he was a homeless person during the periods alleged in the criminal complaint, he presented no evidence and did not testify at trial. During his closing argument he argued that there was no evidence that he intentionally failed to make his child support payments. He was ultimately convicted on all counts and sentenced to eight years in prison with sixteen years of concurrent probation.

At his postconviction motion hearing, Clutter asked the trial court to grant a new trial based on his assertion that the real controversy had not been fully litigated.[1] At this hearing Clutter was represented by counsel and testified that he failed to pay any child support as ordered over a period of many years. He contended, however, that during the time in question he was living as a homeless person; first, in San Francisco and subsequently, in New York City. He asserted that during these years he went to soup kitchens for meals, ate out of dumpsters and relied totally on public assistance as his sole means of maintaining himself. The trial court was not convinced and, in refusing to order a new trial, stated that Clutter "put himself in a situation that was far more vulnerable for a defendant than if he had chosen to accept counsel. But he chose to do that." This appeal ensued.

■■

The court of appeals is vested with the discretionary power to order a new trial by § 752.35, STATS., which provides:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in

[1] Clutter also requested that the trial court grant a new trial based on his claim that an impartial juror served on the jury and that the court should amend his sentencing credit. Clutter raises neither of these issues on this appeal.

> the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

Because Clutter asks us to order a new trial based on his contention that the real controversy has not been fully tried, we must first determine the appropriate standard of review. The State contends that because the trial court already denied Clutter's motion for a new trial, we should apply a deferential standard of review. We do not agree. We are not asked to review the circuit court's determination. Rather we decide whether the ends of justice require a reversal or a new trial based on the factors enumerated by statute. The statute is clear on its face that it vests discretionary power in the court of appeals for reviewing judgments in the interests of justice. If this court believes either that the real controversy has not been fully tried or that it is probable that justice has miscarried, we may, in the exercise of *our* sound discretion, enter such order as is necessary to accomplish the ends of justice. *See id.*

Clutter contends that the ultimate issue, whether he is guilty of the crime of failing to pay child support, was not fully tried because he failed to present the affirmative defense of his inability to make payments to the jury. Section 948.22(6), STATS., provides:

> [A]ffirmative defenses include . . . inability to provide child, grandchild or spousal support. A person may not demonstrate inability to provide child, grandchild or spousal support if the person is employable but, without reasonable excuse, either fails to diligently seek employment, terminates employment or reduces his or her earnings or assets. A person who raises an affirmative defense has the burden of proving the defense by a preponderance of the evidence.

We decline to exercise our discretion to order a new trial in this case. Clutter made an affirmative choice to represent himself during the criminal proceedings. Both art. I, § 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment, guarantee a defendant in Wisconsin the fundamental right to conduct his own defense. *See Klessig*, 211 Wis. 2d at 201–02, 564 N.W.2d at 219–20. Where a defendant seeks to proceed pro se, the court must insure that the defendant "(1) has knowingly, intelligently and voluntarily waived the right to counsel, and (2) is competent to proceed pro se." *Id*. at 203, 564 N.W.2d at 720 (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993)).

Clutter *specifically* declined to contest the validity of his waiver of counsel. Because Clutter does not challenge the adequacy of his waiver of counsel, we do not consider this issue. *See State v. Thompson*, 222 Wis. 2d 179, 189, 585 N.W.2d 905, 910 (Ct. App. 1998). We therefore accept the trial court's determination that Clutter's waiver of counsel was knowingly, intelligently, and voluntarily made and that he was competent to represent himself. When Clutter decided to represent himself, he did so with the full understanding that counsel may be able to identify and assert defenses unknown to him. Indeed, this is the essence of the advice the court gave to Clutter when it advised him that an attorney might be advantageous to one charged with a crime.

Inherent in a defendant's decision to represent himself is the risk that a defense not known to him will not be presented during trial. When a defendant undertakes pro se representation that is the risk he knowingly assumes. If his strategy in proceeding pro se results in a valid defense being waived, it reflects the

477

hazards of his decision to waive counsel. To rescue this defendant from the folly of his choice to represent himself would diminish the serious consequences of the decision he made when he elected to waive counsel. Moreover, ordering a new trial would would encourage defendants to proceed pro se believing that they would have an opportunity to have a second trial with counsel if they were dissatisfied with the first verdict. Multiple trials would strain our limited judicial resources and would compromise the finality of judgments.

We recognize that a defendant, when requesting this court to reverse a judgment based on a claim that the real controversy has not been fully tried, is not specifically required to make any showing with respect to the probability that the results of his prosecution would be different. *See* § 752.35, STATS. Nevertheless, we chose to consider, whether the evidence that Clutter presented at his postconviction motion hearing constitutes a valid defense because the validity of an unasserted defense is relevant as to our consideration of whether the issue of guilt was fully tried.

Following trial, Clutter submitted ample evidence at his postconviction hearing that he was living in poverty through documentation of his public assistance and his testimony of sleeping on the streets and eating from soup kitchens or out of dumpsters. However, the affirmative defense of inability to pay requires more. Clutter advanced very little evidence concerning his earning capacity. He testified that he was unaware of any medical disability that would preclude him from attaining gainful employment. Although he testified that he does not get along with other people and that his inability to work with others affects his employability, he did not otherwise demonstrate that there was no employment for which he was suited.

While he was living in California, Clutter made one attempt to procure employment at a McDonald's restaurant in order to maintain his public assistance benefits. He never again sought employment in California and did not once do so in New York.

Clutter's lack of financial resources alone is insufficient to demonstrate inability to pay. If a defendant has the capacity to become gainfully employed and realize earnings it is no valid defense to felony nonsupport. *See State v. Stutesman*, 221 Wis. 2d 178, 185, 585 N.W.2d 181, 184 (Ct. App. 1998). The evidence Clutter presented at his postconviction hearing was not sufficient to demonstrate that he was unemployable during the time periods charged. Consequently, Clutter has failed to demonstrate that a valid defense existed which was not placed before the jury.

We therefore decline to exercise our discretionary powers to order a new trial or otherwise modify the judgment; the judgment and order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.