COURT OF APPEALS
DECISION
DATED AND FILED

September 3, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP777**

STATE OF WISCONSIN

Cir. Ct. No.  2017FA325

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

CHRISTINE MICHELLE ADAMAVICH,

   PETITIONER-RESPONDENT,

V.

BRIAN DAVID ADAMAVICH,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dodge County: MARTIN J. DeVRIES, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brian Adamavich appeals a post-divorce order denying his motion to modify his child support obligation. We conclude that the circuit court did not erroneously exercise its discretion in denying Brian's motion and, therefore, we affirm the order.[1]

BACKGROUND

¶2 Brian and Christine Adamavich were married in 2000. At the time of their divorce in June 2011, they had three minor children: nine-year-old twins and a five-year-old. Brian and Christine entered into a marital settlement agreement that was approved by the circuit court and incorporated into the judgment of divorce. Pursuant to the agreement, the parties stipulated that Brian would pay a minimum amount of $2,000 per month in child support until the youngest child reached age 18 or, if that child was pursuing a high school diploma or its equivalent, age 19.

¶3 In December 2017, Brian filed a motion for relief from the marital settlement agreement and judgment of divorce, as well as a motion to reduce his child support obligation. Brian argued that the agreement purported to set a "floor" for the amount of child support, irrespective of any and all changes in circumstances, thereby running contrary to public policy. After briefing and a hearing, the circuit court entered an order in which it found that the parties' stipulation to an unmodifiable floor of child support violated public policy.

---

[1] Because the parties share a surname, we will refer to the parties by their first names throughout the opinion.

¶4 The circuit court held a two-day evidentiary hearing on the issue of child support. Following the hearing, the court entered an order on February 1, 2019, denying Brian's motion to modify his support obligation, concluding that the monthly amount of $2,000 remained appropriate. Brian now appeals.[2]

## DISCUSSION

¶5 We begin our discussion with the standard of review as our guide. Whether or not child support should be modified is left to the circuit court's discretion. *Rottscheit v. Dumler*, 2003 WI 62, ¶11, 262 Wis. 2d 292, 664 N.W.2d 525. "'All that is required for us to affirm a trial court's exercise of discretion is a demonstration that the court examined the evidence before it, applied the proper legal standards and reached a reasoned conclusion.'" *Id.* (quoting *Voecks v. Voecks*, 171 Wis. 2d 184, 189, 491 N.W.2d 107 (Ct. App. 1992)). On appeal, Brian argues that the circuit court erred in numerous aspects of its decision. The issues he identifies in his appellant's brief have substantial overlap with one another. Therefore, we will address those issues as they arise within the context of our discussion of the circuit court's exercise of discretion.

¶6 Modification of the amount of child support "may be made only upon a finding of a substantial change in circumstances." WIS. STAT.

---

[2] Christine's brief includes a request that we strike pages 7 and 8 of Brian's brief-in-chief on the basis that those pages contain statements that stray outside the lines of proper advocacy. Upon motion of a party, this court may strike "redundant, immaterial, impertinent, scandalous, or indecent matter" from a pleading. WIS. STAT. § 802.06(6). However, the motion to strike must be filed "before responding to a pleading." *Id.* Here, no separate motion to strike was filed prior to Christine's filing of her brief. For this reason, we take no action on the motion to strike contained within Christine's brief, even though we conclude that the criticism of Brian's brief is well placed.

§ 767.59(1f)(a) (2017-18).[3] As an initial matter, we note that Brian makes a number of arguments that boil down to the assertion that the circuit court did not properly apply the burden of proof when considering Brian's motion for modification. Brian argues that, to the extent the court applied any burden at all, it improperly placed the burden on him to show why his monthly child support payments should be lowered. He asserts that, under § 767.59(1f)(b)2., there existed a rebuttable presumption of a substantial change in circumstances because more than 33 months had expired since the date of the entry of the last child support order and his modification motion. Brian is correct in this assertion. However, a circuit court ordinarily does not end its analysis of child support there.

¶7      Once a substantial change in circumstances has been established, a circuit court applies the same standards applicable to initial child support determinations. *See* WIS. STAT. § 767.59(2)(a); *see also* WIS. STAT. § 767.511(1j) and (1m) and WIS. ADMIN. CODE § DCF 150 (through July 2020). Ordinarily, a circuit court shall revise child support payments by using the percentage standard set forth by the Department of Children and Families. *See* § 767.59(2)(a). However, the court may deviate from the percentage standard if, after considering the factors listed in § 767.511(1m), the court determines by the greater weight of the credible evidence that use of the standard would be unfair to the child or to any of the parties. In the instant case, the circuit court properly identified the burden of proof, stating that the burden is on the party seeking deviation from the percentages—here, Christine—"to establish unfairness by [the] greater weight of the credible evidence." As discussed below, the court ultimately determined, in

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the proper exercise of its discretion, that this burden had been met. Accordingly, we reject Brian's arguments that the court misidentified or misapplied the burden of proof in this case.

¶8     We also reject Brian's arguments that the circuit court failed to address whether it had a basis to deviate from the statutory percentage guidelines for child support, that the court violated WIS. STAT. § 767.511(1j), and that the court failed to comply with § 767.511(1m). The record belies these arguments.

¶9     The circuit court explicitly considered "whether there is a basis to deviate from the statutory percentage standard" in WIS. STAT. § 767.511(1)(j), and ultimately concluded that there was. In making that determination, the court referenced the applicable factors in § 767.511(lm), stating:

> The Court is to consider financial resources of the parents, the standard of living the children would have had minus the divorce, the desirability that the custodial parent remain in the home as a full-time parent, and the Court is to consider the best interest of the children, as well as any other factors the Court deems relevant.

¶10     Pertinent to the financial resources of the parents under WIS. STAT. § 767.511(1m)(b), the circuit court stated that there was no indication that Brian could not continue making child support payments in the amount of $2,000. The record reflects that, at the time of the hearing on modification of child support, Brian held the same engineering position within his family's business as he had at the time of the divorce. The court also considered Brian's arguments regarding Christine's financial resources and earning capacity, including the fact that Christine was employed with the Mayville School District, with pay of approximately $14,000-$15,000 annually. *See* § 767.511(1m)(hs). The court also noted that Brian had retained a vocational expert, who produced a report regarding

Christine's earning capacity. The vocational expert opined in the report that Christine was qualified for full-time employment with entry level wages in the "mid to upper $30,000's." The court likewise considered Christine's argument that, if she worked more, she would have to pay for child care. *See* § 767.511(1m)(e).

¶11 The circuit court also considered the standard of living the children would have had were it not for the divorce, the desirability that the custodial parent remain in the home as a full-time parent, and the best interests of the children. *See* WIS. STAT. § 767.511(1m)(c), (d), and (hm). The court noted in the introduction to its February 1, 2019 order that Christine had left her job at Harley Davidson in 2008 to care for the children. At the time of the divorce, Christine was a stay-at-home parent, and the court noted that both parents agreed at the time of the divorce that it served the children's interests to have a parent home with them. The court considered, but ultimately rejected, Brian's argument that, because the children were now teenagers, they did not need the same parental care that they did earlier. The court stated: "The need for advice on issues before adolescents is substantial and teenaged children are particularly vulnerable without supervision and monitoring, perhaps especially when they can drive." The court concluded that the goal of promoting the best interests of the children weighed in favor of continuing the amount of child support at $2,000 per month. We are satisfied, based on the record before us, that the circuit court properly exercised its discretion in reaching that decision.

¶12 Finally, we address Brian's arguments related to the enforceability of the marital settlement agreement. He argues that, by ordering that child support would remain at $2,000 per month, the circuit court "resurrected" the floor

6

provision in the marital settlement agreement that the court previously had found to be contrary to public policy. We disagree.

¶13 In conducting our review of a circuit court's discretionary decision, we must examine the court's on-the-record explanation of the reasons underlying its decision. *Olivarez v. Unitrin Prop. & Cas. Ins. Co.*, 2006 WI App 189, ¶17, 296 Wis. 2d 337, 723 N.W.2d 131. The court acknowledged in its February 1, 2019 order that it had "earlier found that the $2,000 minimum with no termination date was not enforceable," and went on to say that it therefore was not viewing $2,000 in monthly support as a minimum but, rather, as the amount that had been agreed to since 2011. In addition, the court's statements at the child support modification hearing provide further guidance on this point. *See id.* ("Because the exercise of discretion is so essential to a circuit court's functioning, we will search the record for reasons to sustain its exercise of discretion." (citation omitted)). In discussing its prior ruling regarding the stipulated floor provision in the marital settlement agreement, the court stated: "I don't think I found that amount was wrong, per se. I said … that you can take another look at this because this floor was unenforceable under case law."

¶14 We are satisfied, based on the record, that the circuit court properly exercised its discretion in determining that Brian's child support obligation should remain in the amount of $2,000 per month, and that its determination was not inconsistent with its prior ruling that the parties' stipulation setting a unmodifiable "floor" on support was contrary to public policy.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.