COURT OF APPEALS
DECISION
DATED AND FILED

July 10, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2203**

STATE OF WISCONSIN

Cir. Ct. No. 2023FA203

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

SARAH M. MORGAN,

    PETITIONER-RESPONDENT,

V.

CHRISTOPHER J. TOSSING,

    RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

        Before Blanchard, Graham, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Christopher Tossing, pro se, appeals an order denying a motion to modify his child support obligation. Tossing moved to modify child support based on his incarceration, and he argues that the circuit court erroneously exercised its discretion when it denied his motion. For the reasons stated below, we affirm.

## BACKGROUND

¶2     Christopher Tossing and Sarah Morgan were married in 2008 and had two children during their marriage. They were divorced in 2017. At that time, Tossing worked as a software engineer, had an annual income ranging from $120,000 to $128,000, and was ordered to pay $2,340 in child support each month.

¶3     In 2022, Tossing pled no contest to a charge of Child Enticement – Sexual Contact that involved the parties' young child. Tossing was sentenced to ten years and two months of initial confinement and seven years and ten months of extended supervision. Tossing moved to modify his child support based on the fact that he was incarcerated. After a hearing, the circuit court denied Tossing's motion, relying on **Rottscheit v. Dumler**, 2003 WI 62, ¶11, 262 Wis. 2d 292, 664 N.W.2d 525, which we discuss in greater detail below. Tossing appeals.

## DISCUSSION

¶4     A child support judgment may be revised "only upon a finding of a substantial change in circumstances." WIS. STAT. § 767.59(1f)(a) (2023-24).[1] "The burden of showing that there has been a change in circumstances sufficient

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

to justify a modification falls to the party seeking modification." ***Rottscheit***, 262 Wis. 2d 292, ¶11. We review a circuit court's denial of a motion to modify child support for an erroneous exercise of discretion. ***Id.*** "'All that is required for us to affirm a [circuit] court's exercise of discretion is a demonstration that the court examined the evidence before it, applied the proper legal standards and reached a reasoned conclusion.'" ***Id.*** (quoting ***Voecks v. Voecks***, 171 Wis. 2d 184, 189, 491 N.W.2d 107 (Ct. App. 1992)).

¶5      "[T]he fact of incarceration by itself neither mandates nor prevents modification. Incarceration is one factor that should be considered, but the determination should be made on a case-by-case basis, looking at the totality of the relevant circumstances." ***Id.***, ¶1. When considering whether a child support payer's incarceration is a substantial change in circumstances that warrants modification,

> a court should examine factors including: the length of incarceration, the nature of the offense and the relevant course of conduct leading to incarceration, the payer's assets, the payer's employability and the likelihood of future income upon release, the possibility of work release during incarceration, the amount of arrearages that will accumulate during the incarceration, and the needs of the children.

***Id.***, ¶41. "[C]hild support is supposed to reflect what is in the best interests of the child," and the "'only person to benefit if support is suspended would be [the incarcerated parent].'" ***Id.***, ¶35 (second alteration in original) (quoted source omitted).

¶6      Tossing argues that the circuit court erroneously exercised its discretion when it denied his motion to modify his child support obligation. Specifically, Tossing contends that, contrary to ***Rottscheit***, the court did not

adequately consider his "significant income reduction during his ten-year incarceration and the likely continued inability to earn his previous income upon release." He states that he currently earns $8.67 per month, that he was sentenced to more than ten years in prison, that he essentially has no assets given the balance on his mortgage and the liens against his home, and that at the end of his period of initial confinement, he will owe an estimated $538,065.84 in child support and arrears. Tossing further states that after his release, he will be 50 years old and will be unable to resume work as a software engineer because he will likely be unable to use the internet as a condition of his extended supervision and because he will lack the required skills given how much his field of work will have changed during his incarceration. We reject Tossing's arguments for the reasons that follow.

¶7     We first observe that the circuit court explicitly considered the *Rottscheit* factors, asked Tossing questions related to those factors, and heard argument from Tossing, during which all of the information that Tossing argues is relevant was presented to the court. The court, in rendering its decision, then explicitly referenced the nature of Tossing's offense, the length of Tossing's incarceration, his age, his employment prospects after his release, and his assets, and the court acknowledged that Tossing was "in a difficult financial situation." The court nonetheless denied Tossing's motion. In doing so, the court appears to have determined that the nature of Tossing's criminal conduct and the needs of the children outweighed any other factors that may have supported modifying child support. For example, the court asked, "Mr. Tossing, do you … accept responsibility for the fact that every single thing that you have stated here today is a result of your own intentional conduct toward your daughter? Because that's also something that I consider." And in its written decision, the court stated that

4

Tossing "could reasonably anticipate his conduct, particularly the nature of his crime, would result in incarceration which would interfere with his ability to pay support." Relying on **Rottscheit**, the court further stated, "Having a child is a long-term responsibility and child support is of the utmost priority for parents," and that "[a] child should not have to forego monetary support forever because a parent is incarcerated."

¶8    The circuit court also rejected Tossing's argument that the court was considering only the nature of Tossing's offense in reaching its decision: the court explained that the nature of Tossing's offense "is one point of consideration" and that the court was considering all of the relevant factors under **Rottscheit**, although the court also recognized that it did not need to weigh the **Rottscheit** factors equally. *See id.*, ¶39 (stating that the "weight in the balance" of factors relevant to modification "should be left to the circuit court examining the particular circumstances"). The court denied Tossing's motion after "looking at all these factors and weighing the needs of the children and not just Mr. Tossing's best interest." Based on the record before us, we cannot conclude that the court's weighing of the **Rottscheit** factors constituted an erroneous exercise of discretion. Thus, to the extent that Tossing suggests that the court erroneously exercised its discretion by failing to consider, or by improperly weighing, the factors in **Rottscheit**, his argument is unpersuasive.

¶9    Tossing also relies on statements in **Rottscheit** that "consideration of the nature of the criminal conduct is appropriate … for an overall evaluation of the parent's behavior as it relates to his ability and attitude toward paying child support." *Id.*, ¶42. Tossing argues that the nature of his offense does not relate to his ability and attitude toward paying child support and thus does not support the circuit court's decision to deny his motion for modification. However, Tossing

5

reads this language from *Rottscheit* too narrowly. The *Rottscheit* court specifically rejected the payer's argument "that unless the offense relates to avoidance of child support, the nature of the offense is irrelevant." *Id.*, ¶40. In rejecting this argument, the court concluded "that a parent's behavior, or course of conduct over a period of time, may be very relevant to child support determinations." *Id.* Pertinent here, the *Rottscheit* court concluded that the nature of the offenses in that case—operating while intoxicated as a fifth or greater offense and possession of cocaine—"show[ed] disregard for the welfare of his children and a lack of responsibility," which was "certainly relevant." *Id.*, ¶¶4, 40. Given this language from *Rottscheit*, we conclude that the court did not erroneously exercise its discretion by considering as relevant the nature of Tossing's offense—which, as noted, was for child enticement of the parties' young daughter.[2]

¶10 In arguing that the circuit court erroneously exercised its discretion by not adequately considering the length of Tossing's sentence, Tossing also relies on the following footnote from *Rottscheit*:

---

[2] Tossing also suggests that the attorney for the State of Wisconsin Child Support Agency "mislabeled" his offense as sexual assault of a child rather than child enticement, which Tossing argues "caused confusion." To be sure, the circuit court did state at the hearing that Tossing "made a plea regarding a child -- his own child -- I believe it was child enticement or sexual assault of his own child." We note that CCAP records indicate that Tossing was initially charged with three counts of Repeated Sexual Assault of Same Child (at least three violations of first-degree sexual assault), which perhaps explains the court's statement. In any case, despite this statement, the court did not mistakenly assume that Tossing's conviction was for sexual assault rather than for child enticement. At the hearing, the court specifically asked Tossing why he was incarcerated, and he responded, for "[c]hild enticement, sexual contact." And more importantly, the court's written decision accurately states that "Tossing was … convicted of felony Child Enticement - Sexual Contact." Finally, Tossing advances no developed argument as to how any uncertainty regarding the exact nature of the offense supports his larger argument that the court erroneously exercised its discretion. *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").

> Although the facts of this case present a defendant with a relatively short [three-year] period of incarceration, we note that a longer period of incarceration may well tip the balance in favor of modification and make the refusal to modify payments an erroneous exercise of discretion on the part of the circuit court. Courts should carefully consider such circumstances in reviewing requests for modification from incarcerated parents. However, those facts are not before us. [The payer] did not face a period of incarceration of ten, or even five, years. [The payer's] short period of incarceration was properly factored in to the circuit court's analysis.

*Id.*, ¶46 n.12; *see also id.*, ¶4 (stating the length of the payer's sentence).

¶11 Tossing's reliance on this footnote from ***Rottscheit*** is unavailing because Tossing has failed to show that the circuit court erroneously exercised its discretion when, despite the length of Tossing's sentence, it denied Tossing's motion to modify child support. The court, consistent with ***Rottscheit***, explicitly considered the length of Tossing's sentence, and in so doing, the court "'examined the evidence before it'" and "'applied the proper legal standards.'" *See **id.***, ¶11 (quoting ***Voecks***, 171 Wis. 2d at 189). To the extent that Tossing means to argue that the court did not "'reach[] a reasoned conclusion,'" we disagree. *See **id.*** (quoting ***Voecks***, 171 Wis. 2d at 189). "[T]he question is not whether we agree with the circuit court's ruling, but rather, whether the circuit court acted within the realm of its discretion." ***Id.***, ¶12; *see also **id.***, ¶22 (recognizing "the great amount of discretion given to the circuit court in setting and modifying child support"). As stated, the length of the payer's sentence is but one factor for the court to consider, and here, the court appears to have determined that the nature of Tossing's criminal conduct and the needs of the children outweighed any other factors—including Tossing's relatively long sentence—that may have supported modifying child support. We observe that although the length of Tossing's sentence could be weighed more heavily in favor of modification than the payer's

sentence in *Rottscheit*, at the same time, the nature of Tossing's criminal conduct could be weighed more heavily against modification than the payer's conduct in *Rottscheit*.

¶12     In sum, we conclude that Tossing has failed to demonstrate that the circuit court erroneously exercised its discretion in denying his motion to modify child support.

## CONCLUSION

¶13     For the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.