**Wayne DAVIS, Appellant–Respondent,**

v.

**Marilyn Denise VANCE,**
**Appellee–Petitioner.**

**No. 18A04–9011–CV–552.**

Court of Appeals of Indiana,
Fourth District.

July 10, 1991.

Lon D. Bryan, Muncie, for appellant-respondent.

Linley E. Pearson, Atty. Gen., Gordon E. White, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-petitioner.

CHEZEM, Judge.

Respondent/Appellant, Wayne Davis (Davis), appeals the trial court's determination that his child support obligation should not be abated during the time of his incarceration. We affirm.

On July 15, 1988, the Delaware County Court ordered Davis to begin paying twenty-five dollars ($25) per week for the support of his minor child, born January 5, 1988, to Marilyn Vance (Vance). Vance assigned the child support payments to the State of Indiana because she and the child participated in the Aid to Families with Dependant Children (AFDC) program.

On April 30, 1990, Davis was sentenced to a five (5) year prison term. He maintains that his incarceration makes it impossible for him to continue paying the support and asked the trial court to abate it until the end of his prison term so that he would not accrue an inordinate amount of arrearage. The trial court denied Davis' request to abate the payments. From that denial Davis appeals.

In *Cardwell v. Gwaltney* (1990), Ind. App., 556 N.E.2d 953, the first district held that a support obligation that accrues cannot be retroactively excused for the period the obligor was incarcerated. We extend that holding to state that a support obligation cannot be abated before it accrues due to the obligor's incarceration.

As Vance points out in her brief, the Commentary to the Indiana Child Support Guideline 2 supports the trial court's decision:

... Even in situations where the noncustodial parent has no income, courts have routinely established a child support obligation at some minimum level. An obligor cannot be held in contempt for failure to pay support when he does not have the means to pay, but the obligation accrues and serves as a reimbursement to the custodial parent or, more likely, to the welfare department if he later acquires the ability to meet his obligation.

Here, the court is not seeking to hold Davis in contempt, but to assure that he continues to be responsible for the support of his child. Davis must take responsibility for the crimes he committed and all the repercussions which come with breaking the law. To eliminate the accumulation of his support obligation while he is incarcerated would serve to free him of some of those repercussions. The language of a recent Wisconsin decision states it best by saying:

'although unemployment or diminution of earnings is a common grounds for modification, a petition for modification will be denied if the change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets.'

Parker certainly could have anticipated that his unlawful activity and subsequent probation violation might result in imprisonment.... We do not agree that this decision imposes an additional penalty on Parker for his criminal conviction. Rather, we hold that child support need not terminate during incarceration.

*Parker v. Parker* (1989), App., 152 Wis.2d 1, 447 N.W.2d 64, 65–66 [citations omitted]. Further, the North Dakota Supreme Court has recently held that "a child support obligor's incarceration for incest does not constitute a material change of circumstances justifying a modification of child support payments." *Koch v. Williams* (1990), N.D., 456 N.W.2d 299, 300. We agree with and adopt the Wisconsin and North Dakota approaches. It would be contrary to the Indiana Child Support Guidelines and to the very nature of our public policy favoring a child's security and maintenance to allow payments to abate based on a willful, unlawful act of the obligor. We realize that Davis's child support obligation will accrue while he is incarcerated; however, upon release and upon becoming gainfully employed, Davis will fairly be required to pay the arrearage within the limits of his income and assets at that time.

Affirmed.

CONOVER and ROBERTSON, JJ., concur.