Susan Lee **ROSS, Appellant–Petitioner,**

v.

Danny Lee **ROSS, Appellee–Respondent.**

No. 86A03–9108–CV–238.

Court of Appeals of Indiana,
Third District.

Nov. 26, 1991.

---

Margret G. Robb, Bartlett, Robb & Sabol, Lafayette, appellant-petitioner.

Danny Lee Ross, pro se.

HOFFMAN, Judge.

Appellant-petitioner Susan Lee Ross appeals the trial court's abatement of appellee-respondent Danny Lee Ross's child support obligation.

The facts relevant to this appeal disclose that on November 2, 1989, the parties' marriage was dissolved. Susan Ross (Susan) filed a motion to show cause on January 15, 1991, due to Danny Ross's (Danny) failure to pay child support as ordered by the trial court. Subsequently, Danny filed a motion to modify child support requesting the trial court to order his child support payments abated during his incarceration.

Susan's motion to show cause was later dismissed. After a hearing on Danny's motion, the trial court found that Danny was currently incarcerated on two counts of non-support and an enhancement based upon an habitual offender determination. Danny had been incarcerated for seven weeks and had not posted bond. Therefore, the trial court ordered Danny's support obligation abated until his discharge from incarceration or his posting of bond. Susan appeals.

One issue is raised: whether the trial court erred in abating Danny's child support obligation.

This issue has recently been decided by this Court in *Davis v. Vance* (1991), Ind. App., 574 N.E.2d 330. Davis (husband) requested the trial court to abate his child support payments due to the fact that he was serving a five-year prison term. The trial court denied this request and this Court affirmed. In affirming, this Court stated:

"Davis must take responsibility for the crimes he committed and all the repercussions which come with breaking the law. To eliminate the accumulation of his support obligation while he is incarcerated would serve to free him of some of those repercussions."

*Id.*

The *Davis* court found support for this holding in other states.

*See Parker v. Parker* (1989), 152 Wis.2d 1, 447 N.W.2d 64; *Koch v. Williams* (1990), N.D., 456 N.W.2d 299.

The Court then concluded:

"It would be contrary to the Indiana Child Support Guidelines and to the very nature of our public policy favoring a child's security and maintenance to allow payments to abate based on a willful, unlawful act of the obligor. We realize that Davis's child support obligation will accrue while he is incarcerated; however, upon release and upon becoming gainfully employed, Davis will fairly be required to pay the arrearage within the limits of his income and assets at that time."

*Id.* at 331.

This reasoning is applicable in this case. The trial court should not have abated Danny's child support obligation.

Reversed and remanded for the trial court to reinstate child support order.

GARRARD and RUCKER, JJ., concur.