Michael G. HOLSAPPLE, Appellant–Respondent,

v.

Teresa Marie HERRON, Appellee–Petitioner.

No. 11A04–9410–CV–396.

Court of Appeals of Indiana, Fourth District.

April 20, 1995.

Michael Van Treese, Indianapolis, for appellant.

David O. Thomas, Thomas & Thomas, Brazil, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Respondent–Appellant, Michael Holsapple ("Holsapple"), appeals the trial court's denial of his petition to modify child support. We affirm.

### Issues

Holsapple presents two issues for review which we consolidate and restate as follows: Whether the trial court abused its discretion in denying Holsapple's petition to modify his child support obligation?

### Facts and Procedural History

The marriage of the parties was dissolved in 1979, awarding the mother custody of the two minor children and ordering Holsapple to pay support in the sum of $75.00 per week. In 1989, the support obligation was reduced to $35.00 per week. Twenty-five years ago Holsapple was diagnosed as having brittle diabetes which he was able to control and maintain gainful employment. In 1989 he was involved in a car accident in which he received personal injuries and an eight-year sentence to the Indiana Department of Correction for his criminal acts relating to the accident.

It is Holsapple's position that the personal injuries received from the accident, coupled with his pre-existing diabetes, renders him disabled and unable to work. He had applied for social security disability but, at the time of the hearing on his petition to modify, a final decision was pending. He requested an abatement of his support obligations.

The trial court denied his request on the basis that his criminal act which contributed to his alleged disability was not an appropriate ground for abatement of his support obligation. Moreover, there was no evidence before the trial court which would indicate Holsapple was unemployable. Holsapple has not sought employment.

### Discussion and Decision

We must determine whether the trial court abused its discretion in denying Holsapple's request for abatement of his child support obligation. Other than injuries from an accident which resulted from Holsapple's criminal acts, no facts have changed since Holsapple was originally ordered to pay child support. Holsapple tries to persuade us that the trial court abused its discretion in denying his petition to modify child support because his injuries from the accident, coupled with his diabetes, makes it impossible for him to work, and thus pay child support.

It is clear from the record that prior to Holsapple's accident, he was gainfully employed and paid child support. He testified that, but for the accident, he would most likely have continued to abide by his child support obligation. The trial court found "that an individual's criminal acts which render him allegedly disabled are not appropriate grounds for abating support." R. 27. Holsapple invites us to determine "whether a person's prior criminal act is an appropriate factor to consider in a Petition for Modification of Child Support Obligation."

 We hold that when a criminal act or the resulting consequences therefrom is the primary cause of an obligor-parent's failure to pay child support, abatement of said obligation is not warranted. We held in *Davis v.*

*Vance* (1991), Ind.App., 574 N.E.2d 330, 331: "It would be contrary to the Indiana Child Support Guidelines and to the very nature of our public policy favoring a child's security and maintenance to allow payments to abate based on a willful, unlawful act of the obligor." In other words, Holsapple may not profit from his own criminal behavior.

There was no evidence in the record indicating Holsapple was otherwise unemployable.

Affirmed.

DARDEN and STATON, JJ., concur.