In re The **PATERNITY OF E.C.**

**Matthew Cole, Appellant,**

v.

**Monica Moore, Appellee.**

No. 41A01–0806–JV–298.

Court of Appeals of Indiana.

Nov. 25, 2008.

Matthew Cole, Plainfield, IN, for Appellant pro se.

## OPINION

MATHIAS, Judge.

Matthew Cole ("Father") filed a petition to modify his child support obligation in Johnson Circuit Court due to his incarceration. The trial court denied his petition.

Father appeals pro se and argues that his incarceration has resulted in a substantial change in his income, and therefore, he is entitled to a reduction of his child support obligation. We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

On January 28, 2002, Father established his paternity of E.C., who was born on August 9, 2001. On that date, Father was ordered to pay $72 per week in child support. Although unsupported by the record, Father claims that on August 7, 2002, his child support obligation was modified to $65 per week. On February 7, 2008, Father filed an "Application to Modify Child Support" and alleged that his support obligation should be reduced because he is now incarcerated. On May 2, 2008, the trial court issued an order denying Father's petition to modify his support after concluding that "Father's subsequent incarceration is not a sufficient basis to modify his child support obligation." Appellant's App. p. 10. Father now appeals. Additional facts will be provided as necessary.

## Standard of Review

Initially, we observe that Mother failed to file an appellee's brief. We will not undertake the burden of developing arguments for the appellee. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind.Ct.App. 2002). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.* Prima facie error is defined as at first sight, on first appearance, or on the face of it. *Id.*

When we review a determination of whether child support should be modified, we reverse only if the trial court has abused its discretion. *In re Paternity of E.M.P.*, 722 N.E.2d 349, 351 (Ind.Ct.App. 2000). An abuse of discretion occurs when

the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* We consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id.* We do not reweigh evidence or reassess the credibility of witnesses. *Id.* As the moving party, Father had the burden of establishing grounds for modifying his child support obligation. *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1215 (Ind.Ct.App.2002).

## Discussion and Decision

Pursuant to Indiana Code section 31–14–11–8, child support obligations may be modified upon only a showing:

> (1) of a substantial change in circumstances that makes the terms unreasonable; or
> (2) that:
>> (A) a person has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>> (B) the support order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

Ind.Code § 31–14–11–8 (2008). Father argues that his incarceration has resulted in changed circumstances so substantial and continuing as to make the terms of the current support order unreasonable. In support of his argument, Father relies heavily on *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind. 2007).

In *Lambert*, Father was convicted of molestation before the final child support order was entered. The trial court imputed income to Father and ordered him to pay child support in the amount he agreed to pay under the provisional order. Our supreme court held that while "incarcera-

tion does not relieve parents of their child support obligations," . . . in determining support orders, "courts should not impute potential income to an imprisoned parent based on pre-incarceration wages or other employment-related income, but should rather calculate support based on the actual income and assets available to the parent." *Id.* at 1177. However, the court also concluded, "[i]t seems appropriate to impute pre-incarceration income to the obligor after release and place the burden on the obligor to seek modification if such is warranted." *Id.* at 1179. In so holding, the court observed that "imposing impossibly high support payments on incarcerated parents acts like a punitive measure" and "[w]hen a parent is finally released from prison with a large child support arrearage, the parent is less likely to comply with the order." *Id.* at 1181.

> Moreover, once released, non-custodial parents tend to view the methods employed to collect support and arrearages as a disincentive to seek legitimate gainful employment.
>
> * * *
>
> [W]hen high support orders continue through a period of incarceration and thus build arrearages, the response by the obligor is to find more methods of avoiding payment. To the extent that an order fails to take into account the real financial capacity of a jailed parent, the system fails the child by making it statistically more likely that the child will be deprived of adequate support over the long term.

*Id.* at 1181. "Ultimately, adoption of the non-imputation approach preserves the traditional rule imposing support without ignoring the realities of incarceration." *Id.* This "allows courts to comply with the Guidelines by imposing at least the mini-

mal support order as provided by Ind[iana] Child Support Guideline 2." *Id.*

Unlike the situation in *Lambert,* Father before us is seeking to modify an existing support order due to a subsequent incarceration. Our supreme court specifically stated that the circumstances in *Lambert* were distinguishable from cases addressing whether incarceration should justify the reduction of an existing support order.

Since *Lambert,* our court has addressed petitions for modification of child support due to incarceration in two reported decisions. In *Clark v. Clark,* 887 N.E.2d 1021 (Ind.Ct.App.2008), *trans. granted,* Father was ordered to pay fifty-three dollars per week in child support and sought a modification after he was incarcerated. The trial court denied Father's motion after concluding that the "correct support order for [Father] is based upon the minimum wage for [Father]." *Id.* at 1022 (record citation omitted). Our court reversed and concluded that fifty-three dollars per week "is high compared to the twenty-one dollars [Father] makes per month from his prison job assignment." *Id.* at 1024. In so holding, we observed that "[a]lthough our supreme court limited *Lambert* specifically to the initial determination of a child support order, we now conclude that its rationale applies equally to a request for modification of a child support order based on changed circumstances due to incarceration." *Id.* Moreover, our court concluded that "the support obligation of an incarcerated person should be set in light of that person's actual earnings while incarcerated and other assets of the incarcerated person practically available to provide such support." *Id.* at 1025.

Our court affirmed the denial of a request for modification of child support in *In re the Paternity of N.C.,* 893 N.E.2d 759 (Ind.Ct.App.2008). However, in that case, Father's child support obligation was only six dollars per month and he earned approximately twenty-five dollars per month from his prison job. We rejected Father's claim that the child support order was excessive and vindictive, and noted,

> there is no evidence in the record that the trial court imputed any income to [Father] as a base for its calculation of his child support obligation; rather the trial court took [Father's] relative assets into consideration when setting the support obligation.

*Id.* at 761.

In the case before us, on the date the child support order was entered in 2002, Father earned $320 per week, and based on that income was ordered to pay seventy-two dollars per week. Father claims that support was later modified in 2002 to $65 per week. Appellant's App. p. 23. Father is now incarcerated and earns seven dollars and fifty cents per week. Tr. p. 3. The trial court denied his request for a modification after concluding that our supreme court's decision in *Lambert* did not apply to requests for modifications in child support due to incarceration and essentially imputed Father's pre-incarceration income to him.

Although we acknowledge that our supreme court has granted transfer in *Clark,* we agree with our court's decision in *Clark* and also conclude that the reasoning supporting the *Lambert* decision applies equally to requests for modification of child support due to incarceration. Moreover, Father has demonstrated a showing of changed circumstances so substantial and continuing as to make the terms of the current child support order unreasonable. Accordingly, we conclude the trial court erred when it denied Father's request for modification.

However, while Father provided evidence of his weekly income from his prison

employment, there was no evidence presented as to whether Father has any other income or assets available that can be used to satisfy his child support obligation. Therefore, we reverse and remand this case to the trial court for further proceedings in accordance with this opinion. *See Clark*, 887 N.E.2d at 1025. Finally, although the trial court may not impute income to Father in determining his support obligation during his incarceration, we note that Indiana Child Support Guideline 2 provides:

> For obligors with a combined weekly adjusted income, as defined by these Guidelines, of less than $100.00, the Guidelines provide for case-by-case determination of child support, normally with a range of $25.00–$50.00 weekly. In such cases, the Court should carefully review the obligor's income and living expenses to determine the maximum amount of child support that can reasonably be ordered without denying the obligor the means for self-support at a minimum subsistence level.

Because we conclude that Father has established prima facie error, and that the trial court abused its discretion when it denied his motion to modify his child support obligation, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded for proceedings consistent with this opinion.

BAKER, C.J., and BROWN, J., concur.