**Julie NUNLEY, n/k/a Waldrath,
Appellant,**

v.

**Jeremy A. NUNLEY, Appellee–
Defendant.**

No. 68A04–1105–DR–269.

Court of Appeals of Indiana.

Oct. 12, 2011.

---

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

MATHIAS, Judge.

The State appeals from the trial court's order modifying the child support obligation of Jeremy A. Nunley ("Nunley") and raises one issue, which we restate as whether the trial court abused its discretion in concluding that Nunley was entitled to a reduction of his child support obligation due to the decrease in his income resulting from his incarceration for Class D felony nonsupport of a dependent. For the reasons set forth in *Douglas v. State*, 954 N.E.2d 1090 (Ind.Ct.App.2011), another case handed down today, we affirm.

### Facts and Procedural History

Nunley and Julie Waldrath ("Waldrath") married in 2001, and the couple had three children. The couple divorced in February 2007, and Nunley was ordered to pay child support in the amount of $214 per week. When Nunley failed to pay support as ordered, the State, via the Title IV-D Prosecutor, intervened on October 24, 2007.

Although Nunley's support obligation was reduced to $105 per week in January 2008, Nunley continued to refuse to pay support, and by May 2009, he had accumulated an arrearage in excess of $18,000. As a result, the State charged him with Class C felony nonsupport of a dependent

child on May 19, 2009. Nunley pleaded guilty to the lesser-included offense of Class D felony nonsupport and was sentenced to two years, with 332 days executed in the Department of Correction and the remainder suspended subject to thirteen months of probation. On April 26, 2011, Nunley's probation was revoked due to his continued failure to pay support as ordered, and he was ordered to serve his previously suspended sentence in the Randolph County Jail.[1]

Nunley subsequently filed a pro se petition requesting a reduction of his child support obligation based on the decline in his income due to his incarceration. After a hearing, the trial court entered an order finding that Nunley currently "has no earning ability or assets from which to pay child support," and that Nunley's incarceration was "a substantial and continuing change of circumstances requiring a modification of the child support order." Appellant's App. p. 22. The trial court modified Nunley's support obligation to zero, but ordered that Nunley's support obligation revert to the pre-incarceration level upon his release from jail. The State now appeals.

### Standard of Review

■ As an initial matter, we note that Nunley did not file an appellee's brief. Accordingly, we apply a less stringent standard of review and may reverse if the appellant establishes prima facie error. *Aiken v. Stanley*, 816 N.E.2d 427, 430 (Ind.Ct.App.2004). Prima facie means " 'at first sight, on first appearance, or on the face of it.' " *Id.* (quoting *Parkhurst v. Van Winkle*, 786 N.E.2d 1159, 1160 (Ind.Ct.App.2003)). However, this rule is not intended to benefit the appellant, but rather to relieve this court of the burden of developing arguments on the appellee's behalf. *State v. Moriarity*, 832 N.E.2d 555,

1. Upon completing his sentence for Class C felony nonsupport, Nunley will begin serving a consecutive sentence for auto theft. His projected release date is in February 2012.

558 (Ind.Ct.App.2005). The burden of demonstrating trial error remains with the appellant. *State v. Combs*, 921 N.E.2d 846, 850 (Ind.Ct.App.2010).

In reviewing a trial court's determination of whether child support should be modified, we will reverse only for an abuse of discretion. *In re Marriage of Kraft*, 868 N.E.2d 1181, 1185 (Ind.Ct.App. 2007). Thus, we review the evidence most favorable to the judgment without re-weighing the evidence or reassessing the credibility of witnesses. *Id.* An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court, along with the reasonable inferences drawn therefrom. *Id.*

Additionally, where, as here, the trial court enters findings and conclusions, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, we determine whether the findings support the judgment. *M.S. v. C.S.*, 938 N.E.2d 278, 281 (Ind.Ct.App.2010). We will disturb the judgment only where there is no evidence supporting the findings, the findings do not support the judgment, or the trial court applies the wrong legal standard to properly found facts. *Id.* at 282. Here, the State does not challenge the trial court's findings of fact; rather, it contends that the judgment was based on erroneous legal determinations.

### Discussion and Decision

The State argues that the trial court abused its discretion in concluding that Nunley's incarceration for nonsupport of a dependent child amounted to a change in circumstances sufficient to justify the reduction of his child support obligation. *See* Ind.Code § 31–16–8–1 (2008) (providing that child support orders may be modified based "upon a showing of changed circumstances so substantial and continu-

ing as to make the terms [of an existing order] unreasonable"). Specifically, the State asks us to create an exception to the rules set forth by our supreme court in *Clark v. Clark*, 902 N.E.2d 813 (Ind.2009), and *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind.2007).

In *Clark*, the court held that a child support obligor's incarceration amounts to a changed circumstance so substantial and continuing as to make the terms of an existing support order unreasonable, at least where the obligor has no assets or income available to underwrite his support obligation. 902 N.E.2d at 817. In reaching this conclusion, the court relied heavily on its previous decision in *Lambert*, in which the court held that it was error to calculate an incarcerated parent's initial support order based on employment-related income that plainly would not be available during a period of incarceration. 861 N.E.2d at 1176–77. However, neither *Clark* nor *Lambert* dealt specifically with a child support obligor incarcerated for the crime of nonsupport of a dependent child. The State argues that we should carve out an exception to the general rules set forth in those cases and hold that an incarcerated child support obligor is not entitled to a reduction in his or her child support obligation when he or she is incarcerated for failure to pay support as ordered.

We addressed this precise issue in another case handed down today, *Douglas v. State*, 954 N.E.2d 1090 (Ind.Ct.App.2011). In *Douglas*, we examined our supreme court's decisions *Clark* and *Lambert* and concluded that the logic of those cases applied regardless of the crime that led to the obligor's incarceration. 954 N.E.2d at 1095–98. We concluded further that "it is the province of our supreme court to consider exceptions to its general, administrative rules governing child support." *Id.* at 1098. We therefore declined to create an exception to the rules set forth in *Clark*

and *Lambert* for individuals incarcerated for the crime of nonsupport of a dependent. *Id.*

For all of the reasons we articulated in *Douglas,* and in light of the trial court's finding that Nunley has no assets or income available to underwrite his child support obligation, we conclude that the trial court did not abuse its discretion in concluding that Nunley's incarceration for Class D felony nonsupport of a dependent child amounted to a change in circumstances sufficient to justify a reduction of his child support obligation. We also note that the trial court acted within its discretion in ordering Nunley's support obligation to automatically revert to the pre-incarceration level upon his release from prison. *See Clark,* 902 N.E.2d at 817 (citing *Lambert,* 861 N.E.2d at 1182).

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.