**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 18 2012, 9:55 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WESLEY D. SCHROCK**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANDRA MOURFIELD, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1111-DR-666 |
| | ) | |
| MELVIN MOURFIELD, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |
| | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-0609-DR-871

**June 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Sandra Mourfield ("Mother") appeals the trial court's decision in favor of her former husband, Melvin Mourfield ("Father"). Mother contends that the trial court erred by granting Father's petition for modification of child support due to his retirement. We conclude that the trial court erred by decreasing Father's child-support obligation on the basis of his retirement and corresponding decrease in income because that retirement was necessitated by Father's intentional criminal misconduct. We reverse and remand.

**Facts and Procedural History**

By February 2011, Father and Mother's relationship was strained and Father was charged with stalking Mother.[1] Shortly thereafter, the parties' marriage was dissolved, and Mother was granted legal and physical custody of the parties' two daughters. Father was ordered to pay $167 per week in child support.

When Father's employer, a railroad company, learned that Father had been charged with stalking Mother, they suspended him. *See* Tr. p. 38. The railroad company then asked Father, who was fifty-nine years old at the time, to retire. He agreed to do so. *Id.* ("So the railroad company basically pulled me out of service and forced me to retire."). In March, Father filed a petition to modify his child-support obligation. He claimed that $167 per week was no longer an appropriate amount of child support because he had retired and his income was reduced. After a hearing, the trial court entered an order reducing Father's child-support obligation to $116 per week. No

---

[1] Father subsequently pled guilty to Class D felony stalking and was placed on probation for three years. *See* Chronological Case Summary, Case No. 48D03-1102-FC-195.

findings accompanied the trial court's order. Mother filed a motion to correct error, which the trial court denied.

Mother now appeals.

## Discussion and Decision

At the outset, we note that Father did not file an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Mother raises one issue on appeal: whether the trial court erred when it found that Father had shown a substantial and continuing change in circumstances that warranted a modification of support. Mother contends that Father committed an intentional act of criminal misconduct that caused the reduction in his income, and for this reason, it was error for the trial court to reduce Father's child-support obligation.

In reviewing a decision regarding a petition to modify child support, we will reverse if there is a showing that the trial court abused its discretion.[2] *Meredith v. Meredith*, 854 N.E.2d 942, 947 (Ind. Ct. App. 2006). We consider the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances that were before the trial court, including any reasonable inferences to be drawn therefrom. *Id.*

---

[2] Our Supreme Court has noted that the standard of review has been stated both as "abuse of discretion" and "clear error." *See MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005).

Indiana Code section 31-16-8-1, which governs the modification of support orders, provides in pertinent part:

> (a) Provisions of an order with respect to child support . . . may be modified or revoked.
> (b) Except as provided in section 2 of this chapter, modification may be made only:
>> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable . . . .

This Court addressed intentional misconduct and child-support modification in *Carmichael v. Siegel*.[3] In that case, we considered whether a parent-obligor who engaged in non-criminal misconduct could seek a modification when that misconduct resulted in a decrease in income. 754 N.E.2d 619, 633 (Ind. Ct. App. 2001). In *Carmichael*, father, an attorney, engaged in professional misconduct and his law license was suspended as a

---

[3] We addressed a similar issue—whether a parent incarcerated for intentional criminal misconduct could seek modification of their support obligation based upon their incarceration—in *Holsapple v. Herron*, holding that a parent-obligor may not benefit from his or her own intentional criminal misconduct by obtaining a modification of child support:

> [W]hen a criminal act or the resulting consequences therefore is the primary cause of an obligor-parent's failure to pay child support, abatement of said obligation is not warranted. We held in *Davis v. Vance*, 574 N.E.2d 330, 331 (Ind. Ct. App. 1991): "It would be contrary to the Indiana Child Support Guidelines and to the very nature of our public policy favoring a child's security and maintenance to allow payments to abate based on a willful, unlawful act of the obligor."

649 N.E.2d 140 (Ind. Ct. App. 1995). We concluded that the obligors' incarceration did not serve as a sufficient basis for modification. *Id.* at 141-42; *see also Davis*, 574 N.E.2d at 331. Our Supreme Court addressed this issue in *Clark v. Clark*, 902 N.E.2d 813, 817 (Ind. 2009). In *Clark*, the court ruled that incarceration due to voluntary criminal conduct may be a sufficient basis for modification. *Id.* The court noted the problems that may arise for both parent and child when an incarcerated parent is denied a modification based upon incarceration and later attempts to reenter society with a large support arrearage. The court disapproved of *Holsapple* and *Davis* to the extent that they were inconsistent with its holding. We note that the rationale for our Supreme Court's disapproval of *Holsapple* and *Davis* is not implicated here. Father was not incarcerated or facing future incarceration when he sought to lower his weekly support payments. In fact, Father was never incarcerated, even after he pled guilty to stalking Mother.

Finally, we note that our Supreme Court has granted transfer in two cases addressing the related issue of whether a parent may seek modification of a support obligation after being incarcerated for failure to pay support. To date, no opinions have been issued. *See Nunley v. Nunley*, 955 N.E.2d 824 (Ind. Ct. App. 2011), *trans. granted*; *Douglas v. State*, 954 N.E.2d 1090 (Ind. Ct. App. 2011), *trans. granted*.

result.  Unable to practice law, his income decreased.  He then sought a modification of his support obligation.  We concluded that

> If a parent's intentional misconduct directly results in a reduction of his or her income, no corresponding decrease in his or her child support obligation should follow, because such misconduct results in "voluntary underemployment" according to Child Support Guidelines 3(A)(3), and the income the parent was earning before that misconduct should be imputed to that parent.

*Id.*

We find that the reasoning of *Carmichael* applies here and prevents Father from benefitting from his intentional criminal misconduct by obtaining a decrease in his child-support obligation.  Father sought a modification of his support obligation because he retired and his income decreased.  However, his retirement was a direct consequence of his intentional criminal misconduct—his stalking of Mother.  We conclude that the trial court abused its discretion when it modified Father's child-support obligation from $167 to $116 per month, thus allowing Father to benefit from his criminal actions.  We reverse the trial court's modification of Father's child-support obligation and instruct the trial court to enter a new order that reflects Father's original child-support obligation.

Reversed and remanded.

CRONE, J., and BRADFORD, J., concur.

5