## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gary R. Anderson
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary R. Anderson,
*Appellant-Respondent,*

v.

Jamie R. Anderson,
*Appellee-Petitioner*

March 29, 2017

Court of Appeals Case No.
02A03-1606-DR-1533

Appeal from the Allen Circuit Court

The Honorable Thomas J. Felts, Judge

The Honorable Andrea Trevino, Magistrate

Trial Court Cause No.
02C01-0801-DR-35

**Vaidik, Chief Judge.**

# Case Summary

Gary Anderson, who is incarcerated for molesting two of his children, filed motions to modify his $141 per week child-support obligation in 2013, 2014, and 2016, arguing that his incarceration was a changed circumstance so substantial and continuing as to make the terms of his prior support order unreasonable. The trial court denied his motion each time; Gary appealed only following the last order. The State concedes that the trial court erred in denying Gary's first motion; nevertheless, the State claims that Gary is not entitled to relief because this appeal is really a belated attempt to appeal the trial court's first order.

We agree with the State that Gary is essentially appealing the trial court's first order. But an untimely notice of appeal does not divest a reviewing court of jurisdiction. Given the State's concession that the trial court erred and our preference for deciding cases on the merits, we choose to exercise our discretion and reach the merits in this case. And based on the State's concession, we reverse and remand this case to the trial court with instructions to set Gary's child support based on his actual earnings while incarcerated.

# Facts and Procedural History

During the marriage of Gary and Jamie Anderson, they had three daughters: I.A., O.A., and Z.A. Jamie filed for divorce in 2008, which was finalized that

September. In the decree of dissolution, the Allen Circuit Court ordered Gary to pay $141 per week in child support.

[4] Gary got remarried in 2009 to Carissa Anderson, and they had two sons.

[5] In July 2013, the State charged Gary with multiple counts of molesting his daughters. He pled guilty in August of that year to two counts of Class B felony child molesting (related to I.A. and O.A.) and was sentenced in September to twenty years in the Department of Correction with eight years suspended. His projected release date is August 20, 2021.

[6] Around the same time that Gary was charged with child molesting, Carissa filed for divorce, which was finalized in November 2013. In the decree of dissolution, the Allen Circuit Court did not order Gary to pay any child support for his sons "[d]ue to [his] incarceration." Appellant's App. Vol. II p. 66.

[7] Shortly after being sent to prison, on November 14, 2013, Gary filed a pro se motion to modify his child support for I.A., O.A., and Z.A. pursuant to Indiana Code section 31-16-8-1. He argued that his incarceration presented a "substantial change in circumstances justifying modification of his child support obligation," which had been set in 2008. *Id.* at 25-26. In support, Gary cited *Clark v. Clark*, in which the Indiana Supreme Court held that incarceration generally constitutes a substantial change in circumstances warranting modification:

> In light of our analysis in *Lambert* [*v. Lambert*, 861 N.E.2d 1176 (Ind. 2007)], we hold that in petitions to modify a support order,

incarceration may serve as a changed circumstance so substantial and continuing as to make the terms of the support order unreasonable pursuant to I.C. § 31-16-8-1. Thus, it follows that a support obligation should be set based on the obligated parent's actual earnings while incarcerated (and other assets available to the incarcerated person).

902 N.E.2d 813, 817 (Ind. 2009). A hearing was held at which Gary appeared by telephone; Jamie, the mother of I.A., O.A., and Z.A., appeared by her attorney; and the State, who was not directly representing Jamie but was representing the interests of the State because Jamie was a Title IV-D recipient, appeared by a deputy prosecutor. Jamie's attorney argued that *Clark* should not apply because Gary was incarcerated for crimes related to the very children for whom he was seeking to modify support. The deputy prosecutor, however, was not so sure that *Clark* did not apply based on two then-recent Court of Appeals decisions holding that a defendant incarcerated for nonsupport of a dependent—a crime also related to the child for whom the defendant was seeking to modify support—was entitled to a child-support modification. *See Nunley v. Nunley*, 955 N.E.2d 824, 826 (Ind. Ct. App. 2011), *trans. denied*; *Douglas v. State*, 954 N.E.2d 1090, 1095-98 (Ind. Ct. App. 2011), *trans. denied*.[1] The trial court took the matter under advisement but ultimately agreed with

---

[1] In these decisions, which were issued on the same day, we said that it was up to the Indiana Supreme Court to create an exception to *Lambert* and *Clark* based on the nature of the crime. *See Nunley*, 955 N.E.2d at 826; *Douglas*, 954 N.E.2d at 1098. Although our Supreme Court initially granted transfer in both *Nunley* and *Douglas*, it later vacated those orders and denied transfer in both cases. *Nunley*, No. 68S04-1201-DR-51 (Ind. June 29, 2012); *Douglas*, No. 40S01-1201-DR-50 (Ind. June 29, 2012).

Jamie's attorney and denied Gary's motion in an order dated December 27, 2013:

> 1. While this Court accepts the holdings in *Lambert* and *Clark*, which acknowledge that the child support system should not be punitive in nature, this Court specifically differentiates the facts in this case from *Lambert* and concludes that the *Lambert* and *Clark* holdings do not necessarily apply.
>
> 2. . . . It is important to note that in *Lambert*, the parent-payor was convicted of crimes that did <u>not</u> involve his own children . . . .

Appellant's App. Vol. II p. 30.

[8] Gary did not appeal this order, but nearly a year later, on December 15, 2014, he filed a second pro se motion to modify his child support for I.A., O.A., and Z.A. Again, he argued that his incarceration constituted a substantial change in circumstances justifying a modification of his $141 per week child-support obligation. He noted that he earned a "nominal monthly wage" in prison. *Id.* at 36. He asked that his new child-support amount be retroactive to the date of his first motion. *Id.* at 37. A hearing was held on February 3, 2015, and the trial court issued an order that same day in which it construed Gary's motion to modify as a motion to correct error and then denied it because it was not filed within thirty days of the trial court's December 27, 2013 order. *Id.* at 39.

[9] A little over a year later, on February 18, 2016, Gary filed a third pro se motion to modify his child support for I.A., O.A., and Z.A. Again, he argued that his incarceration constituted a substantial change in circumstances justifying a

modification of his $141 per week child-support obligation and asked that the new amount be retroactive to the date of his first motion. A hearing was held at which Gary appeared by telephone, Jamie appeared pro se, and the State appeared by a different deputy prosecutor. Gary testified that he made $43 per month in prison. Following the hearing, the trial court entered an order denying Gary's motion. The court explained that Gary was just asking the court to "reconsider" its December 27, 2013 order; however, such a request was "untimely." *Id.* at 16.

[10]  Gary, pro se, now appeals.[2]

# Discussion and Decision

[11]  The State concedes that the trial court was "incorrect" when it denied Gary's first motion to modify child support. Appellee's Br. p. 14. In support, the State cites *Nunley* and *Douglas*, a pair of decisions issued by this Court two years before Gary filed his first motion to modify child support that addressed whether parents incarcerated for nonsupport of a dependent were entitled to a modification of child support. In holding that the incarcerated parents were entitled to a modification, we held that the logic of *Lambert* and *Clark* applied

---

[2] Jamie did not file an appellate brief. The State filed an appellate brief, representing the interests of the State because Jamie is a Title IV-D recipient.

"regardless of the crime that led to the obligor's incarceration." *Nunley*, 955 N.E.2d at 826; *Douglas*, 954 N.E.2d at 1095-98.

[12] Despite this concession of error, the State nevertheless argues that Gary is out of luck because this appeal is really a belated attempt to appeal the trial court's December 27, 2013 order. *See* Appellee's Br. p. 13 (State arguing that Gary's second and third motions were actually untimely Trial Rule 60(B) motions for relief from judgment from the first order). We agree with the State that Gary is essentially challenging the trial court's first order in this appeal and that he did not file a timely appeal of that order. But as the Indiana Supreme Court clarified in an opinion issued after the State submitted its brief in this case, while a reviewing court may properly decline to reach the merits of an untimely appeal (early or late) based on forfeiture, "an untimely notice of appeal does not divest a reviewing court of jurisdiction," and a reviewing court may exercise discretion to decide the merits of a forfeited appeal. *In re D.J.*, 68 N.E.3d 574, 579 (Ind. 2017). Given the State's concession that the trial court erred and our preference for deciding cases on the merits, we choose to exercise our discretion and reach the merits in this case. And as the State conceded, the trial court erred in its December 27, 2013 order when it created an exception to *Lambert* and *Clark* based on the crime that led to Gary's incarceration. We therefore reverse and remand this case to the trial court with instructions to set Gary's

child support based on his actual earnings while incarcerated, making it retroactive to November 14, 2013.[3]

[13]    Reversed and remanded.

Bradford, J., and Brown, J., concur.

---

[3] In its first order, the trial court provided as an alternative basis for denying Gary's motion to modify child support that Gary had inherited $40,000 before he was incarcerated. Appellant's App. Vol. II p. 31. At the hearing on Gary's first motion in December 2013, Jamie testified that Gary had inherited money before he went to prison but had spent it all. Gary testified at a later hearing that he had inherited the money in the summer of 2012 and used it that same summer (while he was married to Carissa) as a down payment to purchase a home. In the November 2013 decree of dissolution with Carissa, Gary was ordered to quitclaim his interest in the home to Carissa. *See id.* at 67. On appeal, the State does not argue that Gary's inheritance supports the trial court's denial of his motion to modify child support.